400 F.2d 857
 Ellen HENNIGAN, Administratrix of the Estate of James C. Hennigan, Deceased,
v.
ATLANTIC REFINING COMPANY and City of Philadelphia
v.
DRISCOLL CONSTRUCTION COMPANY, Inc. and Gulf Oil Corporation, City of Philadelphia, Appellant.
Roger A. JOHNSON, Administrator of the Estate of Robert C. Wilson, Deceased,
v.
ATLANTIC REFINING COMPANY and City of Philadelphia
v.
DRISCOLL CONSTRUCTION COMPANY, Inc. and Gulf Oil Corporation, City of Philadelphia, Appellant.
Bonnie RIDDICK, Administratrix of the Estate of John Riddick, Deceased,
v.
ATLANTIC REFINING COMPANY and City of Philadelphia
v.
DRISCOLL CONSTRUCTION COMPANY, Inc. and Gulf Oil Corporation, City of Philadelphia, Appellant.
 Nos. 17017-17019.
 United States Court of Appeals Third Circuit.
 Argued April 15, 1968.
 Decided September 10, 1968.
 Rehearing Denied October 4, 1968.
 
 Joseph J. Murphy, Murphy, Veldorale & Weisbord, Philadelphia, Pa. (Vincent C. Veldorale, Philadelphia, Pa., on the brief), for appellant, City of Philadelphia.
 Sheldon L. Albert, Beasley, Albert, Hewson & Casey, Philadelphia, Pa. (James E. Beasley, John J. Cahill, Jr., Cahill, Cahill & Lynch, Philadelphia, Pa., on the brief), for appellees, Hennigan and Johnson.
 William L. Meritz, Zarwin, Prince, Baum, Steerman & Somerson, Philadelphia, Pa., for appellee, Bonnie Riddick.
 Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 On August 22, 1962, four employees of Driscoll Construction Company were killed in an explosion while working on the construction of a sewer tunnel in the City of Philadelphia. The explosion apparently resulted from the ignition of petroleum vapors which had accumulated in the tunnel.
 
 
 2
 The personal representatives of three of the decedents brought diversity actions in the district court under Pennsylvania's wrongful death and survival statutes[1] against Atlantic Refining Company and the City of Philadelphia. Atlantic and the City filed cross claims against each other, and Atlantic filed third-party complaints against Driscoll.[2] The third-party complaints were dismissed by stipulation, and the cases against Atlantic and the City were submitted to a jury on special interrogatories. The jury found that the City had been negligent and had acted with reckless disregard for the safety of others, that its negligence was the proximate cause of the explosion, that Atlantic was not negligent, and that the decedents had not been contributorily negligent and had not assumed the risk of the type of accident which caused their deaths. The jury awarded plaintiffs compensatory and punitive damages against the City. The court entered judgment against the City and denied the cross claims of both the City and Atlantic. The City has appealed.
 
 
 3
 The sewer construction project was located under a street adjacent to the petroleum storage facilities of Atlantic. The Water Department of the City of Philadelphia drew the plans and specifications for the tunnel, and the contract between the City and Driscoll, the contractor for the project, provided that an inspector from the water department was to be present at all times during the actual construction work to assure compliance with the plans and specifications.
 
 
 4
 The soil in the area surrounding the tunnel site was heavily saturated with petroleum products which had leaked or spilled from the refinery and storage facilities of Atlantic and other companies in the area. The tunnel as designed ran through the water table, and consequently petroleum products which were in the soil and rose to the top of the water table, were inevitably exposed in the tunneling process, and heavy concentrations of gas from them filled the tunnel. The log book of the contractor showed that problems continually arose because of the presence of the highly inflammable gas in the tunnel, necessitating the use of high-powered blowers and the wearing of gas masks. A sample of liquid taken from the tunnel by the City's inspector over two months before the date of the explosion indicated the presence of highly inflammable compounds having low ignition temperatures.
 
 
 5
 The plaintiffs' claim at trial was that the City, which had reason to know of the concentration of petroleum wastes in the ground before the project was designed, was negligent both in designing the sewer tunnel and in failing to order proper precautions with regard to the accumulation of vapors in the tunnel. The jury found the City negligent on both theories, and in addition found that it acted with reckless disregard for the safety of the decedents in failing to take proper precautions against the known danger of fire and explosion. The district court in denying the City's motion for judgment n. o. v. or in the alternative for a new trial painstakingly reviewed the multitudinous claims here raised and in an exhaustive opinion found them without merit. Hennigan v. Atlantic Refining Co., 282 F.Supp. 667. In our opinion the district court committed no prejudicial error and its discussion of the legal problems which the City presented to it amply justifies its judgment.
 
 
 6
 The judgment of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 12 Purdon's Pa.Stat.Annot. §§ 1601-04 (wrongful death); 20 Purdon's Pa.Stat. Annot. § 320.603 (survival)
 
 
 [2]
 The City filed third-party complaints against the Gulf Oil Corporation, but these complaints were dismissed with prejudice before trial and are in no way involved in the present appeals