Richard D. BLISS and Karyn M. Bliss, individually and as next friends and parents of Whitney Bliss, a minor

v.

The ALLENTOWN PUBLIC LIBRARY; the School District of the City of Allentown, individually and as Trustee for the Allentown Public Library; and Kathryn Stephanoff

and

Breslin, Ridyard and Fadero and Robert J. Breslin, individually.

Civ. A. No. 80–2523.

United States District Court, E. D. Pennsylvania.

Feb. 23, 1982.

---

John C. McNamara, Philadelphia, Pa., Mark H. Scoblionko, Allentown, Pa., for plaintiffs.

Thomas A. Wallitsch, Richard F. Stevens, Allentown, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Passage by the Pennsylvania legislature of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq.* (Act), reinstated the immunity of political subdivisions and governmental agencies which had been judicially abrogated in *Ayala v. Philadelphia Board of Education*, 453 Pa. 584, 305 A.2d 877 (1973). The case at bar requires consideration of the scope of the Act and whether it bars suit against Allentown Public Library, herein referred to as the defendant,[1] which plaintiffs assert negligently maintained a statute resulting in injuries to minor plaintiff. Defendant's argument in support of its motion for summary judgment is two-fold: first, that it is a political subdivision and hence within the aegis of the Act. Second, that none of the enumerated exemptions to the general immunity of political subdivisions are applicable. However, because we conclude that the library

---

1. The School District of the City of Allentown, individually and as Trustee for the Allentown Public Library, is also a named defendant.

is not a political subdivision or a governmental agency, we hold that the Act does not bar this suit and, therefore, deny defendant's motion. For like reasons, we also deny defendant's motion to dismiss Count IV of the complaint which seeks punitive damages. For other reasons we shall grant third-party defendants' alternative motion for partial summary judgment as to Count IV rendering moot their motion to dismiss said count.

The Allentown Free Public Library Association, incorporated in the early part of the century, was reorganized by an order of the Court of Common Pleas of Lehigh County, Pennsylvania, August 1963 and renamed the Allentown Public Library. The court order required,

> [t]he school district [of Allentown to] hold and administer said assets subject to any specific trusts and restrictions upon which any of such assets were given to said corporation and generally for the continued operation of a free library for nonsectarian public purposes and upon the further condition that should said school district in the future determine not to continue to operate said library for said purposes that it will account for and deliver to a qualified successor in trust the assets or their proceeds received by said school district by virtue of this order of court . . . .

Since the Allentown School District is an "agency" which is covered by the Act and generally immune, 42 Pa.C.S.A. § 8541, and it administers the library as a trustee, defendant argues that it is shielded by the school district's immunity. Hence, it asserts, its motion should be granted.

■ This logic, although superficially appealing, cannot withstand scrutiny. Pennsylvania law is "quite clear" that a trustee, although technically the owner of a trustee's *res*, actually holds the property solely by virtue of the trust and for the "benefit of someone else"; i.e., the trust's beneficiary. *Sherwin v. Oil City National Bank*, 229 F.2d 835, 839 (3d Cir. 1956). Trustees have no individual interest in the trust property, *Appeal of Hartman*, 173 Pa.

156, 33 A. 1025 (1896) and their disqualification or incompetency will not defeat the trust. *Girard College Trusteeship*, 391 Pa. 434, 443, 138 A.2d 844 (1958).

■ The court order creating the trust and appointing the school district as trustee reflects these tenets of Pennsylvania Law. It provides that if the school district becomes unable to operate the library pursuant to its trusteeship, the school district shall "account for and deliver to a qualified successor in trust the assets" of the trust. Hence, the trust instrument contemplates and provides for the continued existence of the trust without regard to the existence of the school district. The two entities, the library and the school district, are distinct. In sum, defendant's argument that the library derives immunity from the school board flies in the face of Pennsylvania law which requires that the "trustee must be fitted to the trust and not the trust to the trustee." *Girard College Trusteeship*, 391 Pa. at 443, 138 A.2d 844.

■ Other factors also support our conclusion. For example, the record shows that members of the Allentown School District, but not the library, comply with the relevant provisions of the Pennsylvania Ethics Act, 65 P.S. § 401 *et seq.* which circumscribes and regulates the conduct of "public employees". See 65 P.S. § 402. The Open Meeting Law, 65 P.S. § 251 *et seq.*, requires "local agencies" to notify the public prior to its meetings. Notices of the school district comply with this requirement, those of the library do not. Additionally, in answers to interrogatories, defendant admitted that it files with the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 501(c)(3). Such filings are reserved for organizations which are exempt from income taxation and are "organized and operated exclusively for . . . charitable . . . literary or educational purposes". The scope of § 501(c)(3) encompasses the library. If defendant were, in fact, a political subdivision or a governmental agency, as it now contends, it would not have to file the § 501(c)(3) form with the IRS as states and political subdivisions are exempt from

federal taxation and filing requirements so long as they do not occupy positions traditionally filled by private persons. *Massachusetts v. United States*, 435 U.S. 444, 458, 98 S.Ct. 1153, 1162, 55 L.Ed.2d 403 (1978) (collecting cases). Although we hesitate to place too great an emphasis on the applicability of tax case law to the matter at bar, the fact remains that defendant has consistently and repeatedly represented itself as an entity apart from the school district. This fact is highly relevant to our consideration of whether the school district's immunity shields the library. *Cf. Wright v. Columbia University*, 520 F.Supp. 789, 792 (E.D.Pa.1981) (University's representation that it was a single entity rather than a composite of discrete entities considered in determining the nature of the university's component parts and their relationship to the entire university.).

Finally, the court order establishing the library clearly intended that the two entities, the Library and the School District, would maintain separate identities. In appointing the school district as trustee, the court noted that the library should comply "as nearly as possible with the purpose for which [it had been originally] incorporated and ... accumulated its present assets." In an analogous context, the Supreme Court of Pennsylvania considered whether Temple University was a state "agency" for specified purposes. Holding that an infusion of capital, coupled with legislation which reorganized the university but maintained all rights and privileges "heretofore granted", did not alter the University's private status, the court concluded that the legislature's language revealed an "express ... intent to preserve Temple's status...." *Mooney v. Board of Trustees of Temple University of the Commonwealth System of Higher Education*, 448 Pa. 424, 430, 292 A.2d 395 (1972). Here, the trust declaration that the trustee comply "as nearly as possible" with the original purposes of the private trust, evidences an intention not to have the library act as a public entity.

■ Accordingly, we conclude that application of traditional trust principles and the library's perceived image of itself, compel the conclusion that the library is not an "agency" by virtue of its relationship with the school district. As such, it is not shielded by the school district's immunity.

Our holding that the library is not a governmental agency also disposes of defendant's alternative motion to dismiss Count IV of the complaint which seeks punitive damages. Defendant's entire argument on this point is that the library, *qua* political subdivision, cannot be subjected to such a damage claim. *The Order of Hermits of St. Augustine v. County of Philadelphia*, 4 Clark 120 (1847). *But see Carpenter v. Dizio*, 506 F.Supp. 1117, 1125 (E.D.Pa. 1981); *Hennigan v. Atlantic Refining Co.*, 282 F.Supp. 667, 682-83 (E.D.Pa.1976), *aff'd*, 400 F.2d 857 (3d Cir. 1968), *cert. denied*, 395 U.S. 904, 89 S.Ct. 1739, 23 L.Ed.2d 216 (1969). Because we conclude that the library is not a governmental agency, plaintiff may properly seek punitive damages.

■■ Lastly, plaintiff has filed a complaint directly against the third-party defendant, the architect who designed the library. Moving for partial summary judgment as to Count IV of plaintiff's complaint, the architect has established, by way of affidavit, that he had no knowledge of any prior accident involving the statue and that he neither selected nor placed the statue. Finally, he swears that he was not involved in the upkeep and care of the library. Hence, he asserts, he is not properly liable to a claim for punitive damages. In order to withstand this Rule 56 motion, plaintiff must adduce *facts* tending to show that the architect's conduct was "more serious than the mere commission of the underlying tort." *Franklin Music v. American Broadcasting Co.*, 616 F.2d 528, 542 (3d Cir. 1979) (applying Pennsylvania law). Since plaintiff has failed to demonstrate or adduce any facts tending to show that the architect's conduct was willful, malicious or in wanton disregard of plaintiff's rights, *Phillip v. U. S. Lines Co.*, 240 F.Supp. 992, 994 (E.D.Pa.1965), *aff'd*, 335 F.2d 25 (3d Cir.

1966) (per curiam), we will grant the third-party defendant's motion for summary judgment as to punitive damages.