**Clifford MILBURN**

v.

**Steven GIRARD, number 7507, Individually and as police officer of the City of Philadelphia, et al.**

**Captilda LANE**

v.

**Police Officer, Paul HEIL, Badge No. 9714, et al.**

Civ. A. Nos. 75–3322, 76–2399.

United States District Court,
E. D. Pennsylvania.

March 30, 1977.

David Rudovsky, Philadelphia, Pa., for plaintiff Milburn.

Arnold M. Kessler, David Sorin, Philadelphia, Pa., for plaintiff Lane.

Augustus L. Pasquarella, Asst. City Sol., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

These are civil rights actions against Philadelphia police officers and the City of Philadelphia. Jurisdiction is based on 28 U.S.C. §§ 1331(a) and 1343(3). The claims arise under the Civil Rights Act of 1871 and various provisions of the Federal Constitution. Plaintiffs seek also to assert pendent state tort law claims. The cases are before me on motions to dismiss, Fed.R.Civ.P. 12(b).

Many of the issues in these cases have been disposed of in the opinion filed today in *Jones v. McElroy*, 429 F.Supp. 848 and *Zuber v. Jones*, 429 F.Supp. 848 Civil No. 76–3542. Only issues raised by defendants' motions in these cases and not disposed of in that opinion will be discussed herein.

I. *The Suits.*

A. *Milburn v. Girard, Civil No. 75–3322*

In *Milburn*, the defendants are police officers Girard and Guy, the City of Philadelphia, its Mayor, Frank L. Rizzo, and Police Commissioner Joseph O'Neill. The complaint alleges: On November 19, 1974, defendant police officers questioned plaintiff, Clifford Milburn, regarding ownership of the automobile alongside which he was standing. When Milburn reached into a leather pouch for identification and proof of ownership, officer Girard also reached into the pouch, explaining that he was searching for a gun. After "roughly frisk[ing]" him, Girard began to beat the protesting Milburn with a blackjack, stating, "I'm going to get me a nigger tonight" (Complaint ¶¶ 15–16). Police officer Guy joined in beating Milburn, who sustained severe injuries. Milburn was then placed in a police van. Money was taken from him and was never returned. Milburn was charged with theft, receiving stolen property, unauthorized use of an automobile, assault, and aggravated assault. The theft charge was dismissed at the request of the Commonwealth. Milburn was acquitted of the other charges at trial.

Milburn alleges that, without provocation, officers Girard and Guy acted "individually and in concert, agreement, and conspiracy with each other" to "unlawfully, maliciously, and intentionally" deprive him of his rights (Complaint ¶ 22). The claims against the City, Rizzo and O'Neill are based on vicarious liability and on their own

negligence, as stated in paragraph 25 of the complaint:

> "Defendants O'Neill, Rizzo and City of Philadelphia, by their negligence in failing to adequately train and supervise the individual police officers, defendants herein, directly caused the injuries and harm suffered by the plaintiff."

The defendants are sued "jointly and severally" for compensatory and punitive damages in excess of $10,000.

Plaintiff's civil rights claims are asserted under three provisions of the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, and 1986, and under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.[1] The pendent state claims are for assault, battery, false imprisonment, and malicious prosecution.

The City has moved to dismiss for lack of jurisdiction, Fed.R.Civ.P. 12(b)(1). In addition, the City, Rizzo, and O'Neill have moved to dismiss for failure to state a claim upon which relief can be granted, Fed.R. Civ.P. 12(b)(6).

### B. *Lane v. Heil, Civil No. 76–2399*

Plaintiff, Captilda Lane, alleges: On the afternoon of March 7, 1976, while driving her automobile in Philadelphia, she was stopped by defendant police officers Heil and Granozio, who accused her of driving through a red light. Plaintiff was unable to produce her driver's license upon request. The officers then took her into custody, stating that they intended to hold her until her brother, who had committed a number of traffic violations while using her vehicle, turned himself into the police. The police officers placed plaintiff in a police wagon, using such excessive force that they bruised her arm. Following several hours in custody, plaintiff was arraigned and released on bail. The traffic court later dismissed the case against her "since the tickets were all in the name of her brother" (Complaint ¶ 10).

The complaint charges that the defendants acted in concert to deprive plaintiff of her rights. The City's liability is predicated upon its negligence in the selection, appointment, training, and failure to exercise proper control and authority over officers Heil and Granozio, and upon vicarious liability under the *respondeat superior* doctrine. Plaintiff seeks compensatory and punitive damages in excess of $10,000.

Plaintiff asserts her civil rights claims under two provisions of the 1871 Act, 42 U.S.C. §§ 1983 and 1985, and the Fourth, Fifth, Eighth, and Fourteenth Amendments. The pendent state law claims include false imprisonment and negligence.

The City has moved to dismiss for lack of jurisdiction, Fed.R.Civ.P. 12(b)(1), and failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

### II. *Claims for damages against City, Rizzo, and O'Neill under § 1983 and under the Fourteenth Amendment.*

■ As explained in *Jones v. McElroy, supra,* claims under § 1983 and directly under the Constitution based on negligence do not amount to *constitutional* violations. In addition, even if vicarious liability under the doctrine of *respondeat superior* were applicable to civil rights claims, it would not impose liability on Rizzo and O'Neill. As mayor and police commissioner, they are not employers of the police officers. All are employees of the City of Philadelphia. *See Jennings v. Davis,* 476 F.2d 1271, 1274–75 (8th Cir. 1973); *Carter v. Carlson,* 144 U.S.App.D.C. 388, 447 F.2d 358, 366–67 & n. 24, 370 n. 39 (1971), *rev'd on other grounds,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973).

### III. *Claims against City, Rizzo, and O'Neill under §§ 1985 and 1986.*

Milburn and Lane have asserted claims under another section of the Civil Rights

---

**1.** As I noted in *Jones v. McElroy*, 429 F.Supp. at 854, n. 6, since plaintiff's claims involve *state* action, they can only be asserted under the 14th Amendment. The other amendments cited by plaintiff provide substantive meaning to the provisions of the 14th Amendment insofar as they are "incorporated" into its Due Process Clause.

**868**

Act of 1871, U.S.Rev.Stat. § 1980, 42 U.S.C. § 1985, which provides:

> "[I]n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

Of the various conspiracies set forth in the section, the only ones having any possible relevance to these cases are those of

> "two or more persons in any State or Territory [who] conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . ." 42 U.S.C. § 1985(3).[2]

Milburn invokes a third provision of the 1871 Act, U.S.Rev.Stat. § 1981, 42 U.S.C. § 1986:

> "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to

the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . ."

■ The Supreme Court has not decided whether the word "person" in §§ 1985 and 1986 excludes municipalities from liability (as it has ruled with respect to § 1983) but lower courts are in agreement that because of the common historical derivation of all three sections,[3] and because a municipality acting in its governmental capacity cannot be a conspirator, municipalities are excluded from liability under §§ 1985 and 1986. *See, e. g., Bosely v. City of Euclid*, 496 F.2d 193, 195 (6th Cir. 1974); *Agnew v. City of Compton*, 239 F.2d 226, 233 (9th Cir. 1956), *cert. denied*, 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); *Ransom v. City of Philadelphia*, 311 F.Supp. 973, 974 (E.D.Pa. 1970); *Veres v. County of Monroe*, 364 F.Supp. 1327, 1328–31 (E.D.Mich.1973).

Further, as a general principle, the City cannot be liable for a violation of § 1985 because, as a matter of law, a municipality acting in its sovereign governmental capacity cannot be a conspirator. *Agnew, supra*, at 233; *Steel Hill Development, Inc. v. Town of Sanbornton*, 335 F.Supp. 947, 950 (D.N.H.1971).

In addition, the §§ 1985 and 1986 charges against the City, Rizzo, and O'Neill are subject to dismissal for lack of specificity. See Part IV. B. of *Jones, supra.*

The allegation of violation of §§ 1985 and 1986 in *Milburn v. Girard* consists of the bald statement that the defendants "deprived plaintiff of the rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. §§ 1983, 1985(3), and 1986." Com-

---

**2.** The other conspiracies listed in the section deal with hindering the acceptance or holding of public office, obstructing justice, and preventing participation in campaigns for federal public office. 42 U.S.C. § 1985.

**3.** Section 1985 was originally enacted as the civil counterpart to the Civil Rights Act of 1861, Act of July 31, 1861, ch. 33, 12 Stat. 284, a criminal statute, by the Act of April 20, 1871, ch. 22, § 2, 17 Stat. 13. Section 1 of the 1871 Act enacted the predecessor of § 1983, and § 6 of the statute enacted the predecessor of § 1986.

plaint, ¶ 26. This is clearly insufficient under the Third Circuit's rule requiring specificity in the pleading of civil rights actions.

The conspiracy charge in *Lane v. Heil* consists solely of the statement that "Defendants acted in concert to deprive Plaintiff of her constitutionally secured rights . . . in violation of 42 U.S.C. Section 1985." Complaint ¶ 22. Although the complaint charges a denial of equal protection of the laws (*id.,* ¶ 20), no unlawful classification is evident from the complaint. Since, in the context of this case, § 1985 is only applicable to conspiracies to deny equal protection of the laws (*see generally Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Collins v. Hardyman,* 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951)), the lack of a factual basis for an equal protection claim is fatal to Lane's § 1985 claim.

The motions of the City, Rizzo and O'Neill to dismiss the actions as to them will be granted.

IV. *Pendent state claims.*

For the reasons stated in Part V of *Jones v. McElroy, supra,* I will exercise pendent jurisdiction over the assault and battery and the false imprisonment claims against the police officers because they are sufficiently similar to the civil rights claims that jury confusion should not result. I decline to exercise pendent jurisdiction as to the remaining state law claims against the policemen and as to state law claims against the City, Rizzo and O'Neill.