Julia CROSWELL

v.

**John O'HARA, Badge No. 5008, Individually and as a police officer of the City of Philadelphia, Dennis Petrillo, Badge No. 3096, Individually and as a police officer of the City of Philadelphia, John Doe, Individually and as a warrant officer of the City of Philadelphia, Richard Roe, Individually and as a police officer of the City of Philadelphia, Joseph O'Neill, Individually and as Police Commissioner of the City of Philadelphia and City of Philadelphia.**

Civ. A. No. 77–3418.

United States District Court,
E. D. Pennsylvania.

Jan. 27, 1978.

David Rudovsky, Philadelphia, Pa., for plaintiff.

Thaddeus J. Bartkowski, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

LUONGO, District Judge.

In this action, plaintiff, Julia Croswell, contends that four Philadelphia policemen broke into her home without proper authorization, beat her, illegally arrested her, and falsely charged her with committing criminal offenses. She sues the four policemen (two of whom are unidentified and labelled "John Doe" and "Richard Roe" in the complaint), Philadelphia Police Commissioner Joseph O'Neill, and the City of Philadelphia, asserting claims under the Civil Rights Acts of 1866 (42 U.S.C. § 1981) and 1871 (42 U.S.C. §§ 1983, 1985(3), 1986), various provisions of the federal constitution (including the Fourteenth Amendment), and Pennsylvania law. The defendants move to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. Most of the questions presented are familiar and will be resolved on the basis of my previous opinions. This memorandum briefly explains my disposition of the motion.

■ As to the federal civil rights claims against the police officers, the policemen contend that plaintiff's allegations are insufficient to state a claim under 42 U.S.C. § 1981, a part of the 1866 Civil Rights Act. It is now established that the conduct complained of in this case (beatings, filings of false charges, etc.) is actionable under § 1981 if it was racially motivated. *Mahone v. Waddle*, 564 F.2d 1018, 1026–30 (3d Cir. 1977), *petition for cert. filed sub nom. Pittsburgh v. Mahone*, 46 U.S.L.W. 3374 (U.S., Nov. 22, 1977) (No. 77–731); *Milburn v. Girard [Milburn II]*, 441 F.Supp. 184, 187–189 (E.D.Pa.1977). The only allegation of discriminatory intent is in ¶ 21 of the complaint—

> "The above-described acts of the defendants were motivated by racial considerations in that the attacking officers were white and the plaintiff black, and the alleged illegal acts were undertaken because of that fact."

Defendants contend that this allegation is not sufficient under the specific pleading rule applied in this circuit to civil rights cases. *See generally Schweiker v. Gordon*, 442 F.Supp. 1134, 1139 (E.D.Pa.1977).

■ It is true that the factual allegations in ¶ 21 are not very specific. In other cases of this type the complaint at least included allegations that racial epithets were uttered by the defendants, lending credence to allegations of a discriminatory motive. *See Mahone, supra,* at 1020; *Milburn II, supra,* at 185 quoting *Milburn v. Girard [Milburn I]*, 429 F.Supp. 865, 866 (E.D.Pa.1977). I do not think that verbal abuse is a necessary requirement for § 1981 pleading, however. What are required are "[factual] allegations sufficient to assure the court that the claim has some basis in fact." *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963, 973 (E.D. Pa.1977).

■ The specificity requirement necessarily will vary according to the matter being pleaded. For example, in *Schweiker, supra,* at 1139–1141, I held that an allegation that Commissioner O'Neill knew of unlawful practices by policemen under his authority and nevertheless refused to act to eliminate those practices required more than the mere unsupported averment that plaintiff believed that defendant policemen had engaged in misconduct in the past and that this matter should have come to O'Neill's attention. At the least, more specific allegations of past misconduct by the policemen, allegations which would demonstrate that there might be some reason for O'Neill to have knowledge of the wrongful police practices, were required. In this case, however, the matter being alleged is much more difficult to support with specific averments in a pleading. Proof of racial motivation depends on an overall analysis of the totality of factual circumstances (*see Resident Advisory Board v. Rizzo*, 564 F.2d 126, 140–45 (3d Cir. 1977)), and such matters normally do not lend themselves to more than conclusory allegations. *Cf., e. g., Hoffman v. Halden*, 268 F.2d 280, 294–95 (9th Cir. 1959) (re proper allegation of civil rights conspiracy: "Hoffman also alleges the 'defendants conspired'. In what other

way can plaintiff plead conspiracy? . . He should not be required here to plead his evidence."). Certainly the fact that plaintiff and defendants were of different races gives rise to the possibility that defendants' acts were racially motivated. A great deal more is needed to prove the issue, but, in the absence of a more adequate method of pleading, I conclude that plaintiff's allegation of discriminatory intent in this case is sufficient.

The primary allegation against O'Neill is in ¶ 20, which states:

"Defendants O'Neill and City of Philadelphia, by their deliberate acts and gross and reckless negligence in failing to adequately train, supervise, and discipline the individual officers, defendants here, and other officers in the Philadelphia Police Department, directly caused the injuries and harm suffered by the plaintiff."

O'Neill contends that this allegation is an insufficient basis for liability on any of plaintiff's civil rights causes of action, and I agree with that assessment. I do not believe that actions under 42 U.S.C. § 1983, part of the 1871 Civil Rights Act, can be based on negligence. *Schweiker, supra*, at 1138–1139. Insofar as plaintiff alleges a state of mind greater than negligence, the allegations are insufficient; indeed, they are far less specific in this case than they were in *Schweiker, supra*. There are no allegations supporting charges against O'Neill of racial discrimination (for a § 1981 claim), conspiracy to deny equal protection rights (for a § 1985(3) claim), or knowing failure to prevent a § 1985 conspiracy (for a § 1986 claim). Vicarious liability for the police officers' conduct does not apply since O'Neill is not the policemen's employer. *Goode v. Rizzo*, 506 F.2d 542, 550 (3d Cir. 1974), *rev'd on other grounds*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Schweiker, supra,* at 1137–1138; *Milburn I, supra*, 429 F.Supp. at 867. *See generally Milburn II, supra*, 441 F.Supp. at 189–190 & n. 6. I therefore conclude that there is no theory on which O'Neill can be held liable for the civil rights violations alleged in this complaint.

The claims against the City of Philadelphia under the 1871 Civil Rights Act, 42 U.S.C. §§ 1983, 1985, 1986, will be dismissed because the City is not a liable "person" within the meaning of that Act, and the damage claims against the City under the Fourteenth Amendment will be dismissed because I have held that such a cause of action cannot be maintained in light of present civil rights enforcement statutes. *See Schweiker, supra*, at 1137 (citing cases). Although no allegation of intentional racial discrimination by the City has been made, the claim against the City under the 1866 Act, 42 U.S.C. § 1981, may be maintained on the basis of *respondeat superior*, and the motion to dismiss that claim against the City therefore will be denied. *See Milburn II, supra*, at 187–190.

In ¶ 24 of the complaint, plaintiff asserts various claims under Pennsylvania law: "assault and battery, false arrest, false imprisonment, malicious prosecution, negligence, and gross negligence." Even if there is judicial power to hear these claims, exercise of pendent jurisdiction over them is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). I adhere to my view that since federal civil rights claims may not be based on negligence, state law negligence claims should not be tried as part of the same case since "the theories are so inconsistent and incompatible with civil rights claims that they will serve to confuse the jury." *Jones v. McElroy*, 429 F.Supp. 848, 865 (E.D.Pa.1977). The claims based on common law negligence (gross or otherwise) therefore will be dismissed. The remaining common law claims are all for intentional torts which seem to be fairly encompassed within the facts alleged as to the civil rights claims. I therefore believe that I have power to hear these claims and shall exercise my discretion to retain pendent jurisdiction over them. As I understand the allegations, these claims only run against the policemen and against the City (via *respondeat superior*); there is no basis for imposing liability on O'Neill for these torts. All claims against O'Neill therefore will be dismissed.