Clifford MILBURN

v.

Steven GIRARD, number 7507, Individually and as police officer of the City of Philadelphia, Donald Guy, number 4118, Individually and as police officer of the City of Philadelphia and City of Philadelphia.

Civ. A. No. 75–3322.

United States District Court,
E. D. Pennsylvania.

July 26, 1978.

David Rudovsky, Philadelphia, Pa., for plaintiff.

Stephen T. Saltz, Asst. City Sol., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

This "police brutality" case under the Civil Rights Acts of 1866 and 1871 was brought against the City of Philadelphia and two of its policemen on November 18, 1975.[1] The plaintiff contended that he was subjected to racially motivated beatings and unlawful arrest. *See* 429 F.Supp. 865, 866–67 (E.D.Pa.1977); 441 F.Supp. 184, 185–87 (E.D.Pa.1977). After a three-day

trial, a jury found in favor of defendants on all claims.[2] Defendants now have moved for an award of counsel fees.[3]

Under the rule adhered to in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), attorneys' fees generally are not recoverable in litigation absent statutory authorization. In this case, defendants rely on the Civil Rights Attorney's Fees Awards Act of 1976 (hereinafter, Fees Act), Pub.L. No. 94–559, 90 Stat. 2641, *amending* 42 U.S.C. § 1988, which provides:

> "In any action or proceeding to enforce a provision of [*inter alia*, the Civil Rights Acts of 1866 and 1871], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

There is no question that defendants were the "prevailing parties" in this case. The issue is whether, as a matter of discretion, they should be allowed to recover fees under the Act. On this matter, the report accompanying S.2278, the bill that eventually became the Fees Act, stated the following:

> " '[P]rivate attorneys general' [*i. e.*, civil rights plaintiffs] should not be deterred from bringing good faith actions to vindicate the fundamental rights here involved by the prospect of having to pay their opponent's counsel fees should they lose. *Richardson v. Hotel Corporation of America*, 332 F.Supp. 519 (E.D.La.1971),

---

1. The plaintiff also sued the mayor and police commissioner, but the claims against those officials were dismissed. *See* 429 F.Supp. 865 (E.D.Pa.1977). Claims against the City under the 1871 Act and the Constitution were dismissed in March 1977 (*see id.*), but amendment to assert such claims under the 1866 Act was allowed in November 1977. *See* 441 F.Supp. 184 (E.D.Pa.1977).

2. The verdict was by special interrogatories, and many of the questions, such as those with respect to damages, did not have to be answered in light of the findings in defendants' favor. Those that were answered were the following:

   "1. Did defendant Girard violate plaintiff's constitutional rights by using excessive force against him?
   Yes \_\_\_\_ No  X

2. Did defendant Guy violate plaintiff's constitutional rights by using excessive force against him?
   Yes \_\_\_\_ No  X
3. Did defendants Girard and Guy act in concert and in combination to violate plaintiff's constitutional rights by using excessive force against him?
   Yes \_\_\_\_ No  X

   . . . . .

5. Did defendants Girard and Guy violate plaintiff's constitutional rights by arresting him at the time they did arrest him?
   Yes \_\_\_\_ No  X "

3. Defendants also have moved for the award of costs. In accordance with the normal practice in this Court, I shall refer the request for costs to the Clerk of Court for resolution in the first instance.

aff'd, 468 F.2d 951 (5th Cir. 1972). (A fee award to a defendant's employer, was held unjustified where a claim of racial discrimination, though meritless, was made in good faith.) Such a party, if unsuccessful, could be assessed his opponent's fee only where it is shown that his suit was clearly frivolous, vexatious, or brought for harassment purposes. *United ed States Steel Corp. v. United States*, 385 F.Supp. 346 (W.D.Pa.1974), aff'd, [519 F.2d 359] (3d Cir. 1975). This bill thus deters frivolous suits by authorizing an award of attorneys' fees against a party shown to have litigated in 'bad faith' under the guise of attempting to enforce the Federal rights created by the statutes listed in S.2278. Similar standards have been followed not only in the Civil Rights Act of 1964, but in other statutes providing for attorneys' fees."

S.Rep. No. 94–1011, 94th Cong., 2d Sess. 5, *reprinted in* [1976] *U.S.Code Cong. & Admin.News* 5908, 5912.

The report thus makes it clear that Congress did not intend that discretion be exercised in favor of awarding fees to prevailing defendants in the absence of extraordinary circumstances. The Court of Appeals for the Third Circuit has adopted that view. *Hughes v. Repko*, 578 F.2d 483, 489 (1978).

As the Senate report explains, the standard governing recovery of fees by defendants under the Fees Act is the same as that under the Civil Rights Act of 1964. The Supreme Court's explanation of the appropriate standard under Title VII, § 706(k) of the 1964 Act in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), therefore is instructive. In that case, the Court approved Courts of Appeals' formulations of the standard using such terms as "meritless", "frivolous", or "vexatious" to describe the losing plaintiffs' claims. The Supreme Court observed:

"To the extent that abstract words can deal with concrete cases, we think that the concept embodied in the language adopted by these . . . Courts of Appeals is correct. We would qualify their words only by pointing out that the term 'meritless' is to be understood as

meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.

In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post-hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

That § 706(k) allows fee awards only to *prevailing* private plaintiffs should assure that this statutory provision will not in itself operate as an incentive to the bringing of claims that have little chance of success. To take the further step of assessing attorneys' fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or

groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." 434 U.S. at 421–24, 98 S.Ct. at 700–01 (emphasis in original; footnotes omitted), *quoted in part in Hughes, supra*, at 489.

Applying this standard to the facts of this case, I conclude that defendants are not entitled to counsel fees. As plaintiff points out in his brief, there was sufficient basis for bringing suit in good faith in this case. There was evidence of physical injury and supporting testimony from witnesses; criminal charges that had been lodged against plaintiff by the police had been dismissed in state court; the policemen themselves had been indicted (though later acquitted) for criminal assault as a result of the incident. With that background, the case cannot be described as "frivolous, unreasonable, or groundless."

The primary question before the jury was whether the policemen used excessive force against the plaintiff. The answer to such a question rarely appears with crystal clarity; rather, it usually requires a "judgment call" by the jury, which may be reluctant to second-guess the decisions of a policeman performing his job. The fact that the jury found in favor of the policemen on the question of excessive force (or on the question of lawfulness of the arrest—another inquiry not subject to bright line determination) in no way proves that plaintiff's case was groundless or totally without foundation.

Defendants point to the fact that the jury took less than one-half hour before reaching their verdict, but I do not believe that there necessarily is a correlation between jury deliberation time and the merits of a plaintiff's case. The issues addressed by the jury were not complex. To a large extent, they turned on matters of judgment and credibility which could be resolved either way in a short period of time. The short deliberation period therefore cannot be used as a key to entitlement to counsel fees.

Finally, defendants assert that they are entitled to fees because the case was brought vexatiously and in bad faith, as evidenced by an article in the March 1977 issue of *Probable Cause* entitled "Another Acquittal: Girard and Guy Cleared of Assault Charges." The article discussed the policemen's acquittal of criminal charges arising out of the same incident as that forming the basis for this case. It expressed a point of view in favor of Milburn and against the police and, noting that Milburn had filed this civil rights suit against the policemen, stated, "By default, the civil suit appears to be the only avenue for redress for the victim of police brutality." The same issue of the publication included the text of a speech by Milburn detailing his side of the incident. Defendants contend that this publication "indicate[s] great malice toward the City of Philadelphia and its police officers" and "a desire to harass the City as often as possible, through any means, even though as in this case, the facts on which [these] actions rest were virtually nonexistent."

The pre-trial publication of prejudicial statements and commentary is of great concern to me. Although its harm is most noteworthy in criminal proceedings, it can present grave problems in civil trials as well. Nevertheless, such statements and commentary are constitutionally protected, and they must be treated accordingly. Whatever may be the fair trial/free press ramifications of the publication at issue here, I do not believe that it so reflects on plaintiff as to serve as a basis for charging him with counsel fees for vexatiousness or bad faith. *Probable Cause* is published by the Public Interest Law Center of Philadelphia (PILCOP). That organization represented Milburn in the criminal case that was brought against him, but it had no connection with this civil action. Plaintiff now is represented by independent counsel, and there is no evidence that he had any influence or control over PILCOP's publication of *Probable Cause*. On this record,

therefore, the contents of *Probable Cause* simply are immaterial to the fee issue. Plaintiff should not be penalized for a third party's conduct.

Under the circumstances, I hold that defendants are not entitled to the award of attorney's fees from the plaintiff under the Fees Act. The petition for fees will be denied.