Vincent **SAMBRICK**

v.

**BOROUGH OF NORRISTOWN** and George Dewees, individually and in his official capacity.

Civ. A. No. 85–6728.

United States District Court, E.D. Pennsylvania.

July 18, 1986.

1352

Theodore Q. Thompson, Ambler, Pa., for plaintiff.

M. Kelly Tillery, Leonard, Tillery & Davison, Philadelphia, Pa., for defendants Borough of Norristown and George Dewees.

John R. O'Rourke, Jr., McTighe, Weiss, Stewart, Bacine & O'Rourke, Norristown, Pa., for defendant Borough of Norristown Police Dept.

## OPINION

LUONGO, Chief Judge.

Vincent Sambrick initiated the present civil rights action against George Dewees, a Norristown police officer, and the Borough of Norristown. Plaintiff contends that on July 9, 1985, defendant Dewees arrested the plaintiff on a spurious charge and used excessive and unnecessary force while taking plaintiff into custody, causing him to suffer physical and emotional harm. The complaint alleges that the defendants deprived plaintiff of his civil rights in contravention of sections 1983, 1985, 1986 and 1988 of Title 42 of the United States Code and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. The complaint also avers that defendants' conduct constituted assault and battery, false arrest, false imprisonment, malicious prosecution, abuse of process, official oppression, false swearing to authorities, intentional and negligent infliction of emotional distress, negligence and gross negligence under Pennsylvania law. Sambrick seeks a declaratory judgment, injunctive relief, and monetary damages.

Defendants have submitted a motion to dismiss all federal and state claims against the Borough of Norristown and the § 1985 and § 1986 claims against Officer Dewees pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. For the reasons stated below, defendants' motion will be granted. Additionally, the state law claims for official oppression, false swearing to authorities, negligent infliction of emotional distress, negligence and gross negligence against Officer Dewees will also be dismissed.

## Section 1983 Claims

■ Defendants contend that the complaint fails to set forth a sufficient factual basis to support a § 1983 claim against the Borough of Norristown. Plaintiff argues that his complaint should not be dismissed unless this court concludes beyond a doubt that he will be unable to prove any set of facts which would support his claim. Although plaintiff may have correctly stated the generally accepted standard for judging the sufficiency of a complaint, *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), the Third Circuit has held that civil rights complaints must be pleaded with specificity. *See, e.g., Frazier v. Southeastern Pennsylvania Transportation Authority*, 785 F.2d 65 (3d Cir.1986); *Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir.1976). The specificity requirement ensures that frivolous civil rights claims can be weeded out at an early stage. *See Shirey v. Bensalem Township*, 501 F.Supp. 1138, 1141 (E.D.Pa.1980).

A § 1983 complaint against a municipality must allege (1) the existence of a custom or policy of the municipality which is of such long standing to have the force of law, and (2) that one of the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy. *See Monell v. Department of Social Services*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–37, 56 L.Ed.2d 611 (1978); *DiGiovanni v. City of Philadelphia*, 531 F.Supp. 141, 145 (E.D.Pa.1982). Additionally, the complaint must articulate a factual basis sufficient to support the requisite allegations. *See LaPlant v. Frazier*, 564 F.Supp. 1095, 1098 (E.D.Pa.1983).

Plaintiff's allegations concerning the Borough of Norristown are as follows:

30. To Plaintiff's knowledge, other police officers present at the scene of the arrest and [sic] have verified Plaintiff's version of what took place to the community relations officer of the police department. However, after complaints to Borough officials of the misconduct, no disciplinary action has been taken against the defendant officer for use of excessive and unnecessary force. The failure of defendant Borough of Norristown to discipline the defendant officer for this and prior misconduct for use of excessive and unnecessary force demonstrates a tacit policy of the Borough condoning this misconduct and letting its police officers know that they will not be disciplined.

Plaintiff's averments do not state a § 1983 claim against the Borough of Norristown. The complaint fails to allege a custom or policy of the Borough with the requisite factual specificity. Although official inaction which occurs over a substantial period of time can constitute a custom or policy within the scope of § 1983, *see Wilkinson v. Ellis*, 484 F.Supp. 1072, 1091 (E.D.Pa. 1980), the complaint does not set forth facts which would support a finding that the Borough of Norristown, by failing to discipline Officer Dewees for past misconduct, condoned the use of excessive and unnecessary force by its police officers. The complaint does not allege that any of the Borough's supervisory employees were aware of defendant Dewees' alleged prior misconduct and fails to identify the employees of the Borough who were responsible for supervising and disciplining the Borough's police officers.[1] Plaintiff did allege

---

1. In his Supplemental Reply Memorandum to Defendants' Motion to Dismiss, plaintiff cites *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), apparently in support of the proposition that a municipality may incur § 1983 liability even though its director of police had no actual knowledge of the violent propensities of the assaulting police officer. In *Brandon*, the Supreme Court ruled only that a § 1983 judgment against a municipal employee in his official capacity imposes liability on the municipality by which he is employed. 105 S.Ct. at 875. The court did note, in dicta, that

defendant E. Winslow Chapman, the director of the Memphis Police Department, had no actual knowledge of the prior disciplinary record of the assaulting officer. *Id.* The district court held that Chapman was liable to plaintiffs since his lack of actual knowledge was caused by policies of the Memphis Police Department, which were in effect at the time of the assault, some of which had been instituted by Chapman. *Id.* This finding was not challenged on appeal. Therefore, the Supreme Court's opinion in *Brandon* is inapposite to the case at bar.

that Borough officials had been informed of the incident which gave rise to the instant action and failed to take any disciplinary action. A single instance of inaction, however, unless committed pursuant to an official regulation, is insufficient to establish a custom or policy for the purposes of § 1983. *See Losch v. Borough of Parkesburg,* 736 F.2d 903, 911 (3d Cir.1984).

Even if plaintiff had alleged that Dewees' supervisors had been aware of Dewees' alleged violent tendencies prior to the incident which gave rise to the instant case, the complaint would remain deficient, since it fails to identify any specific instances of Dewees' alleged prior misconduct. *See Jones v. City of Philadelphia,* 491 F.Supp. 284, 287 (E.D.Pa.1980) ("The bare assertion of knowledge [of the prior unlawful acts of the defendant police officers], absent some factual recitation from which its source may be gleaned, will not insulate a civil rights complaint ... from a motion to dismiss."); *Chappelle v. Chase,* 487 F.Supp. 843, 850 (E.D.Pa.1980). I have held on previous occasions that general allegations of knowledge on the part of supervisory officials are insufficient to withstand a motion to dismiss. *See, e.g., Croswell v. O'Hara,* 443 F.Supp. 895, 897 (E.D.Pa. 1978); *Schweiker v. Gordon,* 442 F.Supp. 1134, 1140 (E.D.Pa.1977).

■ Furthermore, plaintiff has not alleged that the constitutional violation complained of occurred as a result of a custom or policy of the Borough of Norristown. The complaint alleges that the Borough has repeatedly failed to discipline Officer Dewees. Negligent supervision of its employees cannot be a basis for the imposition of § 1983 liability on a municipality. *See Schweiker v. Gordon,* 442 F.Supp. at 1139. In order to properly plead the element of causation, plaintiff must allege that Officer Dewees deprived him of his civil rights while acting pursuant to a custom or policy

endorsed by the Borough. *See Wilkinson v. Ellis,* 484 F.Supp. at 1086; *Santiago v. City of Philadelphia,* 435 F.Supp. 136, 152 (E.D.Pa.1977). For all the foregoing reasons, plaintiff's § 1983 claims against the Borough of Norristown will be dismissed.

*Section 1985, 1986 and 1988 Claims*

■ Plaintiff has also alleged causes of action arising under 42 U.S.C. §§ 1985, 1986 and 1988.[2] The complaint does not specify the subsection of § 1985 upon which the plaintiff is relying. I will assume that plaintiff is proceeding pursuant to § 1985(3), since it appears to be the only subsection which could apply to the instant case.[3] Section 1985(3) provides a remedy for any individual who has been injured as a result of a conspiracy which was intended to deprive members of a class which includes the plaintiff of their equal protection rights. *See* 42 U.S.C. § 1985(3); *Santiago v. City of Philadelphia,* 435 F.Supp. at 155. The instant complaint is devoid of any mention of a conspiracy of any type. Therefore, plaintiff's § 1985 claims against both defendants will be dismissed.

Section 1986 creates a cause of action against persons who neglect to prevent a conspiracy which is actionable under § 1985. *See* 42 U.S.C. § 1986. A cause of action under § 1986 can proceed only if the plaintiff has properly alleged a § 1985 violation. *See, e.g., Marino v. Bowers,* 483 F.Supp. 765, 769 (E.D.Pa.1980), *aff'd,* 657 F.2d 1363 (3d Cir.1981). Since I have determined that plaintiff's § 1985 claims will be dismissed, I must dismiss his § 1986 claims as well.

*Constitutional Claims*

■ Sambrick has also asserted claims arising under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. All of these claims are cognizable through the

---

2. Section 1988 does not provide plaintiff with a cause of action; it authorizes a court to award attorney's fees to a prevailing party in a civil rights action brought under §§ 1981, 1982, 1983, 1985 or 1986. *See* 42 U.S.C. § 1988.

3. Sections 1985(1) and 1985(2) concern conspiracies to interfere with federal officials and judicial proceedings. *See* 42 U.S.C. §§ 1985(1) & (2).

Fourteenth Amendment. *See DiGiovanni v. City of Philadelphia,* 531 F.Supp. at 144. Section 1983 provides plaintiff with a sufficient remedy for the constitutional deprivations which have been alleged against Officer Dewees. Since it would be superfluous to allow the plaintiff to state a cause of action under the Fourteenth Amendment which simply mirrors a § 1983 cause of action, I will dismiss plaintiff's constitutional claims against Officer Dewees. *See Jones v. City of Philadelphia,* 481 F.Supp. 1053, 1056 (E.D.Pa.1979).

Because I have determined that the plaintiff has not sufficiently alleged that his injuries resulted from conduct undertaken pursuant to a custom or policy of the Borough of Norristown, the Borough can only incur liability for the alleged misconduct of Officer Dewees pursuant to the doctrine of *respondeat superior.* Congress did not intend that municipalities be held vicariously liable under § 1983. *See Monell v. Department of Social Services,* 436 U.S. at 691, 98 S.Ct. at 2036. I have previously held that a cause of action cannot be implied under the Fourteenth Amendment to impose *respondeat superior* liability on a municipality, since allowing such an action to proceed would circumvent the rule of *Monell. See Kedra v. City of Philadelphia,* 454 F.Supp. 652, 678–79 (E.D.Pa.1978). I see no reason to deviate from this position. Allowing the plaintiff to bring a Fourteenth Amendment action against the Borough of Norristown on a *respondeat superior* theory would undercut the statutory scheme which Congress has established under § 1983 to redress constitutional violations. *See id.* at 677–78; *Jones v. City of Philadelphia,* 481 F.Supp. at 1056. Accordingly, I will dismiss plaintiff's constitutional claims against the Borough of Norristown.

### Pendent Claims

■ Plaintiff has attempted to invoke the pendent jurisdiction of this court over his state law claims. Sambrick alleges that the defendants are liable to him for the following Pennsylvania torts: assault and battery, false arrest, false imprisonment, malicious prosecution, abuse of process, official oppression, false swearing to authorities, intentional and negligent infliction of emotional distress, negligence and gross negligence.

The doctrine of pendent jurisdiction allows a federal court to adjudicate claims not otherwise within its jurisdiction if those claims arose out of the same events which gave rise to the claims within federal jurisdiction. When applying this doctrine, a court first must determine whether it has the power to hear the state law claims before it. Claims outside of the jurisdiction of the district court may be adjudicated along with the federal claims if all of the claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Even if this test has been satisfied, however, the statute conferring jurisdiction over the federal claim may restrict the scope of the claims which may be brought under it. *See Aldinger v. Howard,* 427 U.S. 1, 17, 96 S.Ct. 2413, 2421, 49 L.Ed.2d 276 (1976). If there is power to hear the pendent claims, the decision whether or not to exercise jurisdiction over them is within the discretion of the district court. Factors which favor the exercise of pendent jurisdiction include judicial economy, convenience and fairness to litigants. *See United Mine Workers v. Gibbs,* 383 U.S. at 726–27, 86 S.Ct. at 1139. The pendent claims should be dismissed, however, if the exercise of jurisdiction over them would confuse the jury by presenting divergent theories of relief. *Id.*

Plaintiff has asserted a cognizable § 1983 claim against Officer Dewees over which this court has jurisdiction pursuant to 28 U.S.C. § 1343. The state claims asserted against Dewees arose out of the same events as those giving rise to the § 1983 claim. There is no statutory restriction on this court's jurisdiction to hear these claims. Thus, I have power to hear the state law claims against Officer Dewees. Adjudication of the pendent claims together with the § 1983 claim will promote judicial economy and convenience to

the litigants. Plaintiff's claims for assault and battery, false arrest, false imprisonment, malicious prosecution, abuse of process and intentional infliction of emotional harm are similar to the § 1983 claim with respect to factual proof and legal theory.[4] Therefore, I will hear these pendent claims against defendant Dewees.

██ The remainder of plaintiff's state law claims are based on a negligence theory. Claims sounding in negligence are inconsistent and incompatible with civil rights claims and may confuse the jury. *See Jones v. McElroy,* 429 F.Supp. 848, 864–65 (E.D.Pa.1977). *See also Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (negligence cannot support a § 1983 cause of action). Accordingly, I will dismiss plaintiff's claims against Officer Dewees for the negligent infliction of emotional distress, negligence and gross negligence.

██ All of the state claims previously described have been asserted against the Borough of Norristown as well as against Officer Dewees. Because § 1983 suits based on the doctrine of *respondeat superior* have been foreclosed by the *Monell* decision, the jurisdictional reach of 28 U.S.C. § 1343, which provides this court with jurisdiction over § 1983 actions, has likewise been limited to preclude the exercise of federal jurisdiction over the state law claims against the Borough, since they are based on a *respondeat superior* theory. *See Kedra v. City of Philadelphia,* 454 F.Supp. at 682. There does remain a potential basis for hearing the plaintiff's state law claims against the Borough, however. These claims could be heard as pendent to the civil rights claims which were asserted directly under the Fourteenth Amendment. *See id.*

Although I have already determined that the Borough cannot be sued under the Fourteenth Amendment on a *respondeat superior* theory, I recognize that the Fourteenth Amendment claim is not insubstan-

tial in a jurisdictional sense, since neither the Supreme Court nor the Third Circuit have decided whether such a cause of action is viable. *See Kedra v. City of Philadelphia,* 454 F.Supp. at 682; *Gagliardi v. Flint,* 564 F.2d 112, 114–16 (3d Cir.1977), *cert. denied,* 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978) (since Supreme Court has not foreclosed possibility of a cause of action under the Fourteenth Amendment imposing vicarious liability on municipalities, such a claim is "sufficiently substantial to vest the district court with federal question jurisdiction under 28 U.S.C. § 1331."). *See also Mt. Healthy District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Patzig v. O'Neil,* 577 F.2d 841 (3d Cir.1978) (open question whether Fourteenth Amendment can support an action against a municipality based on theory of *respondent superior* ). The pendent claims against the Borough arose from the same operative facts as those forming the basis of plaintiff's Fourteenth Amendment claim. Section 1331 of Title 28 of the United States Code, which grants this court jurisdiction over civil actions arising under the Constitution, does not preclude this court from hearing the pendent claims against the Borough. *See Kedra v. City of Philadelphia,* 454 F.Supp. at 682. Accordingly, I have the constitutional power to hear the pendent claims against the Borough.

██ However, as explained earlier, I have determined that allowing the plaintiff to proceed against the Borough on a *respondeat superior* theory under the Fourteenth Amendment would frustrate the civil rights enforcement scheme established by Congress, which prohibits federal litigation of vicarious liability claims against municipalities. *See id.* Allowing the plaintiff to litigate his state law claims against the Borough in this court would achieve the same result. Furthermore, since I dismissed all the federal claims against the Borough, I should dismiss the pendent

---

**4.** There are no private causes of action for official oppression and false swearing to authorities under Pennsylvania law.

claims against it as well. *See United Mine Workers v. Gibbs,* 383 U.S. at 726–27, 86 S.Ct. at 1139. I conclude, therefore, that I should not hear the state law claims against the Borough of Norristown.[5] Accordingly, those claims will be dismissed.

**5.** Assuming, *arguendo,* that I had decided to exercise jurisdiction over plaintiff's pendent claims against the Borough, I would be compelled to dismiss them pursuant to the Pennsylvania Political Subdivision Tort Claims Act. The Act provides municipalities with immunity from damage claims arising out of the acts of municipal employees. *See* 42 Pa.C.S.A. § 8541 (Purdon 1982). The Act does permit damage recoveries against municipalities for specified acts of negligence committed by municipal employees. *See* 42 Pa.C.S.A. § 8542. I have already determined, however, that the exercise of this court's jurisdiction over state law claims sounding in negligence is inappropriate in civil rights actions. Since the only state law claims against the Borough which I would possibly hear are those based on willful misconduct, the exceptions to the Act's general grant of immunity would not apply to the instant case. *Buskirk v. Seiple,* 560 F.Supp. 247, 251–52 (E.D.Pa.1983) (pendent claims against municipality dismissed pursuant to Tort Claims Act since all pendent claims against municipal employees were based on willful misconduct).