Patrick TILLIO

v.

MONTGOMERY COUNTY, et al.

Civ. A. No. 87–8520.

United States District Court,
E.D. Pennsylvania.

Sept. 27, 1988.

Patrick Tillio, Ardmore, Pa., pro se.

Emanuel A. Coker, Bolden & Coker Law Firm, Philadelphia, Pa., for plaintiff.

Paul C. Vangrossi, Vangrossi & Recchuiti, Norristown, Pa., for Borough of Norristown.

Stephen G. Heckman, Wilson, Drayer, Morrow, Furber & Lecky, Norristown, Pa., for Montgomery County, Lower Merion Tp., Lower Merion Tp. Police Officers and Norristown Sheriffs.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff originally filed this civil rights action *pro se*. In a January 1988 order, I ordered the complaint dismissed unless plaintiff filed an amended complaint that comprehensibly set forth jurisdiction, claims, parties, and events. Plaintiff obtained counsel and an extension of time and filed an amended complaint in March 1988. That amended complaint, the subject of the present motion, names as defendants: Montgomery County, Lower Merion Township, Lower Merion Township Police Officers, Norristown, and Norristown Sheriffs. Pursuant to Federal Rule of Civil Procedure 12(b)(6), these defendants have moved for dismissal of the complaint and/or for summary judgment.

Plaintiff's complaint arises from a series of events surrounding his admitted failure to pay fines assessed for violating various Lower Merion ordinances. Plaintiff was summarily convicted of various permit violations and in January 1985 entered an appeal with the Court of Common Pleas for Montgomery County, Criminal Division. On August 8, 1985, after a hearing, Judge Horace Davenport found plaintiff guilty of violating five ordinances and assessed fines and costs of $975.05. Plaintiff's motion for a new trial was denied, and his appeal to the Superior Court was subsequently withdrawn by his attorney. In June 1986, Judge Davenport issued a bench warrant for plaintiff to be taken into custody and brought before the court to answer for his failure to pay. Plaintiff was notified of this warrant, but remained in financial delinquency until April 1987.

Plaintiff's complaint alleges that in late March 1987 police of Lower Merion Township came to his home to arrest him. The officers allegedly refused to inform plaintiff's family why they were attempting to arrest him; the attempt failed because plaintiff was not home.

The complaint also alleges that on April 1, 1987, a Norristown sheriff called and asked plaintiff to come to the Montgomery County courthouse the next day.[1] Plaintiff reported to the courthouse, where, so he alleges, the defendant sheriffs told him to pay the fines or be arrested, then "bodily removed Plaintiff from their office, without provocation, need, or explanation, punched him in the lower back and locked him in a cell, at around 10:00 am." Amended complaint ¶ 15. Several hours later, plaintiff appeared before Judge William Nicholas, who directed payment or six months incarceration in the county prison in default. Judge Nicholas remanded plaintiff to custody "until the full amount is paid"; plaintiff paid the fines and was released from custody several hours after the hearing.

The amended complaint presents plaintiff's § 1983 claim in three somewhat indistinct counts: (I) that the above acts of all defendants denied plaintiff equal protection of the law and impeded justice; (II) that the arrest and detention were unlawful because plaintiff was denied a hearing at the August 1985 conviction; and (III) that the municipalities approved or ratified the acts of the defendant officers and sheriffs. Plaintiff seeks both compensatory and punitive damages.[2]

*I. Claims against Lower Merion Township Police Officers and Lower Merion Township*

■ Given that plaintiff does not challenge the validity of the Lower Merion ordinances, the sole event alleged in the complaint that involves the defendants Lower Merion Township and its police officers is the attempted arrest of plaintiff in late March 1987. Assuming the alleged facts of the officers' visit to plaintiff's home to be true, I do not find that they describe even a remote violation of plaintiff's constitutional rights. Accordingly, I will dismiss plaintiff's claims against defendant Lower Merion Police Officers and, by extension, Lower Merion Township, for failure to state a claim.

*II. Claims against "Norristown Sheriffs" and Norristown*

In the motion to dismiss, defendants clarify what appears to be plaintiff's misunderstanding as to the identity of the sheriffs with whom he dealt at the Montgomery County courthouse in Norristown, Pennsylvania. There are no "Norristown Sheriffs," and the law enforcement officers at the courthouse were in all probability Montgomery County Sheriffs. Thus, for the purposes of this motion I will regard charges against "Norristown Sheriffs" as mistitled acts of Montgomery County sheriffs and consider these claims in the next section with those against Montgomery County. As I find no allegations of any conduct by Norristown other than the acts of the mistakenly identified sheriffs, I will dismiss plaintiff's claims against defendant Norristown.

*III. Claims against Montgomery County Sheriffs and Montgomery County*

■ Plaintiff's primary grievance, more sharply focused in his response to defendant's motion than in his complaint, centers around his disagreement with his conviction for municipal violations in August

---

1. Plaintiff appears to be mistaken about the date of this call and the subsequent day's events at the courthouse. The call apparently took place on March 31, given that court records establish the date of the hearing before Judge Nicholas as April 1, 1987.

2. The complaint's assertion of a specific dollar amount of damages violates Local Rule 30 and should be excluded.

The complaint also states that this court has jurisdiction over this matter both as a federal civil rights action and in diversity. As the complaint flatly states that plaintiff and all defendants are citizens of Pennsylvania, I find there is no basis for a claim in diversity.

1985. Count II of the complaint argues that the 1987 arrest and detention were illegal in that they were based on an unconstitutional conviction. Upon review of the substantial documentation of the history of plaintiff Tillio's case in the Court of Common Pleas, I find no impropriety in the underlying conviction that would so taint the 1987 arrest.

Mr. Tillio's appeal of his summary conviction resulted in the hearing before Judge Davenport on August 8, 1985. The transcript of this hearing shows that Mr. Tillio and his attorney were present. Exh. A, Defendants' Reply Brief. Neither objected to the evidence of the violations of the Lower Merion ordinances presented at the hearing. Plaintiff alleges no facts tending to establish that Judge Davenport denied him a hearing or improperly denied his motion for a new trial. Although plaintiff now denies it, he admitted to Judge Nicholas in the April 1, 1987 hearing that he withdrew his appeal to Judge Davenport's ruling, Exh. B, Defendants' Reply, at 5; and he does not now point to anything inconsistent with the October 3, 1985 application of his attorney to withdraw the appeal and the Superior Court's entry of that withdrawal on October 4, 1985, Exh. F, Defendants' motion. In sum, plaintiff appeared to be fully aware of his conviction, to have exercised the full panoply of his legal rights to contest it, and to have known of the bench warrant for his delinquency. Exh. F, ¶ G, Defendants' Motion (affidavit and docket noting letter advised Mr. Tillio of warrant).

I thus find that plaintiff's amended complaint fails to state a claim as to the 1985 proceedings or as to the legitimacy of the April 1, 1987 custody pursuant to the bench warrant.[3] I will thus dismiss count II of plaintiff's complaint against all defendants.

██  Plaintiff also alleges that he was "punched in the back" by a sheriff when put in the cell at the courthouse. Defendants argue that this act is insufficiently "shocking" to constitute a violation of constitutional rights and that the complaint fails to plead this cause with sufficient particularity.[4] On the facts as alleged, I find this act to have constituted excessive and unnecessary force sufficient to support a § 1983 action. *See, e.g., Sambrick v. Borough of Norristown,* 639 F.Supp. 1351, 1355 (E.D.Pa.1986).

██  However, I do find plaintiff's amended complaint fails to meet the minimal requirement of factual specificity necessary to support a § 1983 action. Although plaintiff describes the time, place and general circumstances of the punch, he fails to identify who hit him. *See Anela v. City of Wildwood,* 790 F.2d 1063, 1067–68 (3d Cir.) (affirming dismissal of equal protection claim that failed to identify particular police officers responsible for alleged illegal detention), *reh'g denied en banc,* 793 F.2d 514, *cert. denied,* 479 U.S. 949, 107 S.Ct. 434, 93 L.Ed.2d 384 (1986). This omission clearly frustrates the requirement that § 1983 complaints contain, *inter alia,* sufficient facts to provide defendants with adequate notice to frame an answer. *See Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3d Cir.1988).

Although plaintiff has already had the opportunity to amend his complaint with the assistance of counsel, he arguably has not had sufficient opportunity to discover the identity of the sheriff who took him into custody on the morning of April 1, 1988. I will thus deny defendants' motions for dismissal or summary judgment as to count I of the present complaint against the individual sheriff who allegedly hit the plaintiff. Plaintiff will be allowed limited discovery for the purposes of discovering the identity of the defendant and a final opportunity to amend his complaint.[5]

---

**3.** Plaintiff's argument not only fails to state a claim, it undercuts the impact of his repeated claim that he was never told the reason for the April 1 arrest.

**4.** Defendants do not deny this allegation or provide any evidence to the contrary. Presented with only plaintiff's uncontroverted allegations,

I find no basis for granting defendants' alternative motion for summary judgment on this claim.

**5.** Plaintiff should, of course, use this opportunity to correct the errors, previously identified in this memorandum, of the date of the incident,

 As I have already concluded that plaintiff has failed to state a claim against the county for the conviction in 1985 and the resultant 1987 custody, the sole remaining claim is count III against Montgomery County. In this count, plaintiff argues that the county is liable for its sheriff's alleged act of hitting the plaintiff. In order to establish liability of a local government under § 1983, a plaintiff must (1) allege the existence of a custom or policy of such long standing as to have the force of law, (2) allege that an employee violated plaintiff's civil rights while acting pursuant to this custom or policy, and (3) articulate sufficient facts to support these allegations. *See Sambrick v. Borough of Norristown*, 639 F.Supp. 1351, 1353 (E.D.Pa. 1986), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978).

Although plaintiff broadly claims that the sheriff's act was the result of the county's failure to train properly and to prevent such acts, he utterly fails to identify any policy or practice underlying the custodial procedure in this case. Nor does the plaintiff identify any county official responsible for training and supervision who had contemporaneous knowledge of the incident or of risk of such an incident based on past occurrences, or any official who approved the act. *See Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir.1986). Plaintiff simply provides no facts upon which to base an extension of liability against it.

Because the broad generalizations of the amended complaint fail to allege with sufficient particularity any claim against defendant Montgomery County, I will dismiss all claims as to this defendant.

An appropriate order follows.

### ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED and DIRECTED that:

1) Defendants' motion to dismiss is DENIED IN PART as to count I of plaintiff's amended complaint against the "Norristown Sheriff" alleged to have struck plaintiff, and GRANTED IN PART as to all other claims and defendants;

2) For 45 days from the date of this order, plaintiff may conduct discovery limited to identifying the sheriff who allegedly hit him;

3) Plaintiff must file a properly amended complaint within 55 days of the date of this Order or this action shall be dismissed; and

4) Defendant(s), as identified in the properly amended complaint, must file an answer to that complaint within 20 days of its filing.

the *ad damnum* clauses, and the basis of federal jurisdiction.