Kevin DiGIOVANNI, Plaintiff,

v.

CITY OF PHILADELPHIA, Morton B. Solomon, Police Officer Joseph Schuck, and James Schuck, Defendants.

Civ. A. No. 81–3588.

United States District Court, E. D. Pennsylvania.

Feb. 4, 1982.

Jeffrey M. Voluck, Philadelphia, Pa., for plaintiff.

David L. Topel, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM *

LOUIS H. POLLAK, District Judge.

This civil rights action arises out of an incident on the evening of August 7, 1980, in which plaintiff DiGiovanni alleges that he was maliciously beaten by two individuals, one a police officer of the City of Philadelphia, and was then unlawfully arrested and detained. Plaintiff has brought this action against four defendants—Joseph Schuck, the Philadelphia police officer, and James Schuck,[1] his brother, who were involved in the incident; Morton Solomon, the Police Commissioner of Philadelphia at the time of the incident; and the City of Philadelphia. The defendants have moved to dismiss, claiming that the complaint fails to state a cause of action against any of them.

## I.

In his complaint, plaintiff alleges that on the evening of August 7, 1980, at approximately 2:00 A.M., he was driving on Woodhaven Road in Philadelphia, turned onto Millbrook Road and stopped at a traffic light directly behind the vehicle driven by police officer Joseph Schuck and his brother. For reasons not set forth in the complaint or in defendants' response, officer Schuck and his brother then got out of their car, and plaintiff and his passenger, Russell Kirko, also got out of their vehicle and an altercation ensued in which plaintiff was injured. Following this incident, officer Schuck arrested plaintiff and took him to the Eighth District Police Station where he was charged with, *inter alia*, assault, disorderly conduct and resisting arrest. Subsequently, these charges were either dismissed or plaintiff was found not guilty. With respect to Police Commissioner Solomon, plaintiff further alleges that he knew of and acquiesced in a *de facto* police department policy of summarily punishing and unlawfully arresting individuals who resist police orders or who are suspected of minor traffic violations. In addition, plaintiff contends that this *de facto* policy is well known and that the City has failed to take any steps to correct police department practice.

On the basis of these allegations, which must be assumed to be true for purposes of deciding defendants' motion to dismiss, plaintiff contends that defendants are liable under 42 U.S.C. §§ 1981 and 1983, and the fourteenth amendment, for unlawful arrest, excessive use of force and malicious prosecution, and also under a variety of pendent state law claims including, *inter alia*, assault, malicious prosecution and false arrest. The defendants have attacked the sufficiency of plaintiff's complaint on a number of grounds.

## II.

The central issue is whether plaintiff's complaint alleges facts sufficient to support his claims. All civil actions are governed by the requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has made clear that in assessing the sufficiency of complaints, courts must keep in mind that the Federal Rules contemplate a liberal notice pleading policy and that, therefore, so long as a claim appears to have some factual support, it should not be dismissed and instead any

---

\* This memorandum supersedes and corrects a substantially similar memorandum filed on December 4, 1981. The disposition of defendants' motion to dismiss remains the same.

1. Plaintiff has voluntarily dropped his claim against James Schuck because of the lack of federal subject matter jurisdiction over this defendant.

deficiencies may be corrected by amendments to the complaint. *See Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957). However, in civil rights cases, the Third Circuit has developed a somewhat more stringent standard in part because of the likelihood that a substantial number of these cases may be frivolous or should be litigated in the state courts. *See Kauffman v. Moss*, 420 F.2d 1270, 1276 n.15 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). Under this more stringent standard, complaints which contain only broad and conclusory allegations that fail to state specific facts upon which the substantiality of the claim can be assessed may be dismissed. *See Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978); *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922–23 (3d Cir. 1976); *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 675 (E.D.Pa.1978). In addressing the question of whether plaintiff's complaint survives under this standard, I conclude that the answer must vary depending on the theory of liability advanced by plaintiff.

## A. Section 1981 Claims

█ Plaintiff contends that the defendants' actions constitute a violation of 42 U.S.C. § 1981. However, as the Third Circuit, sitting *en banc*, recently held, proof of discriminatory purpose and intent is a necessary element of a claim brought under section 1981. *Croker v. Boeing Co.*, 662 F.2d 975 (1981). Because the complaint contains no factual allegations of discriminatory intent, plaintiff's claim based on section 1981 against all defendants will be dismissed. *See Jones v. City of Philadelphia*, 491 F.Supp. 284, 289 (E.D.Pa.1980) (racial animus is necessary to sustain a § 1981 claim); *Croswell v. O'Hara*, 443 F.Supp. 895, 897 (E.D.Pa.1978).

## B. Fourteenth Amendment Claims

█ In addition to his statutory claims brought under 42 U.S.C. §§ 1981 and 1983, plaintiff has also asserted causes of action based directly on the first, fourth, fifth, and fourteenth amendments. At the outset, it must be noted that plaintiff's claims under the first, fourth and fifth amendments are cognizable only through the application of the fourteenth. While the Third Circuit has not yet decided the question, it has been held several times in this court that where a plaintiff has stated a claim under the federal civil rights statutes sufficient to vindicate his constitutional rights, there is no need to imply a constitutional cause of action directly under the fourteenth amendment. *See Williams v. Township of Bristol*, No. 81–1386, slip op. at 2 (E.D.Pa. Nov. 10, 1981); *Baffa v. Black*, 481 F.Supp. 1083, 1085 (E.D.Pa.1979); *Locust v. DiGiovanni*, 485 F.Supp. 551 (E.D.Pa.1980); *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 677–78 (E.D.Pa.1978). Therefore, these claims will be dismissed.

## C. Section 1983 Claims Against Police Officer Schuck

█ The most supportable claims brought by plaintiff appear to be those based on 42 U.S.C. § 1983. It is well settled that a police officer who makes an arrest based on probable cause or with a good faith belief that there was probable cause may not be held liable under section 1983. It is equally clear, however, that an officer is liable under section 1983 for an arrest lacking probable cause or involving the excessive use of force without any good faith belief that such force was reasonably necessary to protect the officer's safety. *See Kedra, supra; Baffa v. Black, supra.* Cf. *Black v. Stephens*, 662 F.2d 181 (3d Cir. 1981). Judging the factual allegations contained in the complaint against these standards, it is apparent that plaintiff has stated a claim against officer Schuck cognizable under section 1983, and therefore this portion of the complaint will not be dismissed.

## D. Section 1983 Claims Against the Police Commissioner

█ The allegations against Police Commissioner Solomon present greater difficulties. As the Supreme Court explained in *Rizzo v. Goode*, 423 U.S. 362, 375–76, 96

S.Ct. 598, 606, 46 L.Ed.2d 561 (1976), a plaintiff must demonstrate some "affirmative link" between the misconduct complained of and any action by supervisory officials in order to bring those officials within the compass of section 1983. Allegations of supervisory negligence, without more, are not sufficient to state a claim. Thus, a plaintiff must be able to show that a police department supervisor had some specific knowledge of the unconstitutional conduct and had intentionally acquiesced in this conduct by failing to establish proper procedures or by failing to train and supervise police officers adequately. *See Black v. Stephens, supra*, at 189; *Wilkinson v. Ellis*, 484 F.Supp. 1072, 1086–87 (E.D.Pa. 1980); *Baffa v. Black, supra*, at 1084; *Kedra, supra*, at 674–75. The allegations set forth in paragraphs 17–19 of plaintiff's complaint sufficiently attribute to Solomon accountability for the alleged misconduct by police officer Schuck and therefore this portion of the complaint will not be dismissed.

### E. *Section 1983 Claims Against the City of Philadelphia*

 In order to hold a municipality liable under section 1983, a plaintiff must be able to demonstrate (a) either a formal policy or an informal custom, which is of such long standing as to have the force of law, that (b) causes an unconstitutional deprivation of civil rights by one of its employees. *Monell v. Department of Social Services*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–37, 56 L.Ed.2d 611 (1978). Thus, given the second causation requirement, liability may not be imposed under a *respondeat superior* theory. Because plaintiff has simply advanced the broad and conclusory assertion that the City had knowledge of a *de facto* policy of harassing individuals in plaintiff's situation, the portion of plaintiff's complaint against the City based on section 1983 will be dismissed without prejudice to the filing of an amended complaint within thirty (30) days if plaintiff can in good faith allege a viable cause of action against the City. *See Baffa v. Black, supra*, at 1085; *Williams v. Township of Bristol, supra*, slip op. at 6; *Kedra, supra*, at

676–79; *Wilkinson v. Ellis, supra*, at 1090–91.

### F. *Punitive Damages*

 The Supreme Court has recently held that municipalities enjoy immunity from any claim for punitive damages brought under section 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 2760–62, 69 L.Ed.2d 616 (1981). Accordingly, punitive damages may not be claimed against the City even if it were assumed—contrary to what I have held—that plaintiff had stated a claim against the City cognizable under section 1983.

 However, the immunity from punitive damages discussed in *City of Newport, supra*, does not necessarily apply to officials and employees of a municipality because punitive damages may be awarded in appropriate circumstances in order to punish gross violations of constitutional rights. *See Carey v. Piphus*, 435 U.S. 247, 257 n.11, 98 S.Ct. 1042, 1049 n.11, 55 L.Ed.2d 252 (1978) (punitive damages may be awarded against government officials who knowingly and maliciously deprive others of their civil rights). Because plaintiff has not alleged any malice on the part of the Police Commissioner, the claims for punitive damages against defendant Solomon will be dismissed, but those claims against officer Schuck will not be dismissed.

### G. *Pendent State Law Claims*

 Plaintiff has asserted a variety of pendent state law claims against all defendants. In general, if the federal cause of action is sufficiently "substantial" to give a federal court subject matter jurisdiction, *Hagans v. Lavine*, 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974), then the court may, in the exercise of its discretion, permit pendent state law claims to be adjudicated in tandem with the federal claims so long as both sets of claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16

L.Ed.2d 218 (1966). *See generally, Kedra, supra,* at 680–81.

 Because I have already determined that the federal statutory and constitutional claims against the City must be dismissed, the pendent state law claims against it will also be dismissed. The remaining state claims against the other defendants, however, will not be dismissed because the interest of judicial economy and convenience, in my judgment, weighs in favor of litigating these claims in conjunction with the federal claims. *See UMW v. Gibbs, supra,* 383 U.S. at 726–27, 86 S.Ct. at 1139; *Hagans v. Lavine, supra,* 415 U.S. at 545–46, 94 S.Ct. at 1383–84.