Richard James **DRUCKENMILLER**

v.

**UNITED STATES of America, et al.**

**Civ. A. No. 82–0970.**

United States District Court,
E. D. Pennsylvania.

Oct. 1, 1982.

Wallace C. Worth, Jr., Allentown, Pa., for plaintiff.

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In October, 1980, defendants, various law enforcement officers, searched plaintiff's

home and, pursuant to a bench warrant and grand jury indictment, arrested him for bank robbery. Shortly thereafter, upon motion by an Assistant United States Attorney, the charges were withdrawn.

Plaintiff, seeking recovery for what he terms an "unlawful search and seizure", brought this action against the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (FTCA). Suit against unknown agents of the Federal Bureau of Investigation (FBI), four unknown Pennsylvania State policemen and three unknown Moore Township policemen, each of whom participated in plaintiff's arrest, is predicated upon a theory of liability first recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Additionally, suit against the non-federal defendants is predicated upon the Civil Rights Act of 1871, 42 U.S.C. § 1983.

Shortly after suit was instituted the Court ordered the federal defendants to disclose the names of the various law enforcement officers who participated in the raid upon plaintiff's house. Responding, the federal defendants now move to dismiss or alternatively for summary judgment and argue that this action is time-barred. They also assert that their conduct is shielded by qualified or "good-faith" immunity sufficient as a matter of law to defeat the suit.[1] Because we agree that defendants' good-faith immunity bars this action, we grant their motion for summary judgment. In light of this conclusion, we do not address the issue of whether the suit is untimely.

Traditionally, defendants, who asserted a defense of qualified immunity, had their conduct tested against both an "objective" and a "subjective" standard. Specifically, qualified immunity was defeated if the official

knew or reasonably should have known that the action he took within the sphere of official responsibility would violate the constitutional rights of [plaintiff] ... or if he took the action with malicious intention to cause a [constitutional] deprivation.

*Wood v. Strickland,* 420 U.S. 308, 321–22, 95 S.Ct. 992, 1000–01, 43 L.Ed.2d 214 (1975). *Harlow v. Fitzgerald,* —— U.S. ——, ——, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396, 410 (1982), jettisoned the subjective element of the defense and held that good-faith immunity will defeat claims so long as official conduct does not violate "clearly established ... constitutional rights which a reasonable person would have known". Importantly, the inquiry of whether the complained-of conduct violates "clearly established" law is a "threshold" question; until it is decided, "discovery should not be allowed". *Id.* at ——, 102 S.Ct. at 2738, 73 L.Ed.2d at 411.

Our consideration of the issue at bar commences with the following question: Did defendants' conduct violate "clearly established" law with regard to the execution of a facially valid warrant which nevertheless mistakenly authorizes the arrest of a citizen?

■ We conclude that it did not. There can be little dispute that no liability attaches to law enforcement officials who execute a valid arrest warrant.[2] Indeed, "[a]bsent an attack on the validity of the warrant", plaintiff's claim for wrongful arrest is one of "mistaken identity". Although defendants' conduct *might* infarct state tort law, it "gives rise to no [constitutional] claim". *Baker v. McCollan,* 443 U.S. 137, 143–44, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979). We accordingly conclude that the law is "clearly established" that law

---

1. Shortly after the briefing process was completed, the Supreme Court's decision in *Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), was handed down. The *Harlow* court redefined the contours of the qualified immunity defense; we accordingly requested counsel to re-brief the qualified immunity issue.

2. Plaintiff has attacked neither the validity of the warrant, the grand jury indictment, defendants' conduct during the search nor an FBI agent's affidavit which swears that plaintiff executed a valid "Consent to Search Form". *See, Ames v. United States,* 600 F.2d 183, 185 (8th Cir. 1979).

enforcement officers who effect an arrest pursuant to a facially valid arrest warrant are immune from suit alleging a constitutional deprivation.

■ Plaintiff's claim against the federal government is grounded in the FTCA. It generally bars suits which "arise out of . . . false imprisonment, false arrest, malicious prosecution [or] abuse of process . . . [except where this conduct is committed by a] law enforcement officer". 28 U.S.C. § 2680(h). The liability of the United States under the FTCA arises only when the state in which the wrongful conduct occurred would impose liability under like circumstances. 28 U.S.C. § 1346(b); Carlson v. Green, 446 U.S. 14, 23, 100 S.Ct. 1468, 1474, 64 L.Ed.2d 15 (1980).

■ Pennsylvania, the state in which the complained-of conduct occurred, would not impose liability upon a governmental entity which mistakenly obtained or issued a valid arrest warrant. Specifically, The Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 et seq. limits municipal liability to claims arising out of automobile accidents, the care and custody of real and personal property, dangerous conditions created by trees, traffic control and street lighting, utility service facilities, improper street and sidewalk maintenance and the care, custody or control of animals. Claims not grounded in any of these specific theories of liability are barred by the Commonwealth's general retention of sovereign immunity. 42 Pa.C.S.A. § 8541. Additionally, official conduct "authorized or required by law" is immunized. 42 Pa.C.S.A. § 8546(2).

In the case at bar, plaintiff was arrested pursuant to a judicially authorized bench warrant which "commanded" the U. S. Marshal "or any authorized officer" to bring him to Philadelphia and answer the bank robbery indictment.[3] The agents who executed the raid on plaintiff's home were not at liberty to disregard this order; indeed, they were duty-bound to expeditiously comply with it. Moreover, they were neither obligated nor empowered to question its validity. See, Turner v. Raynes, 611 F.2d 92, 93 (5th Cir.), cert. denied, 449 U.S. 900, 101 S.Ct. 269, 66 L.Ed.2d 129 (1980) (sheriff need not determine "ultimate legal validity" of warrant before serving it); Atkins v. Lanning, 556 F.2d 485, 487 (10th Cir. 1977) (per curiam) (no liability where police officer makes an arrest pursuant to a valid warrant); Perry v. Jones, 506 F.2d 778, 780 (5th Cir. 1975) (same); Bezdek v. City of Elmhurst, 70 F.R.D. 636, 639 (N.D.Ill.1976) (same).

Accordingly, because Pennsylvania would not impose liability upon a municipal entity for serving a judicially authorized, facially valid arrest warrant, we conclude that the United States is not liable under the FTCA. Brown v. United States, 653 F.2d 196, 201 (5th Cir. 1981), cert. denied, —— U.S. ——, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).

■ Plaintiff's second cause of action, predicated directly upon the Constitution, is against the unknown agents of the FBI who executed the warrant. This claim fares no better.

We begin with the observation that the FTCA does not provide the only method to redress governmental wrongdoing. Carlson v. Green, 446 U.S. at 18–19, 100 S.Ct. at 1471–1472, held that the 1974 amendments to the FTCA did not preclude a Bivens action against individual government agents. However, officials charged with misconduct under a Bivens theory still retain a shield of "qualified immunity". Id. at 19 and 21, n.7, 100 S.Ct. at 1472 and 1473, n.7.

As noted supra, the scope of the qualified immunity which the individual FBI agents retain is determined by reference to objective criteria; i.e., whether they violated "clearly established" law. We again observe that the execution of a facially valid and judicially authorized search warrant cannot serve as a predicate for liability, Baker v. McCollan, 443 U.S. at 143–44, 99 S.Ct. at 2694, and conclude that defendants did not violate "clearly established" law. As such, we grant the defendants' motion as to Count II of the complaint.

3. See, defendants' motion to dismiss or for summary judgment, Exhibits "B" and "D".

The reasoning which supports our decision that plaintiff cannot prevail against the federal defendants also compels the conclusion that he likewise cannot prevail against the non-federal defendants. Accordingly, we dismiss the complaint as to them. *See, Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir. 1980) (Court may dismiss an action "on its own initiative").