Stephen LOPUSZANSKI

v.

Joseph FABEY and Jack Bocchinfuso, Police Officers and the City of Philadelphia.

Civ. A. No. 82–3297.

United States District Court, E. D. Pennsylvania.

Nov. 18, 1982.

**4**

Gordon J. Scopinich, Philadelphia, Pa., for plaintiff.

Angelo J. Foglietta, City of Phila., Law Dept., Philadelphia, Pa., for defendants.

## OPINION AND ORDER

VanARTSDALEN, District Judge.

The plaintiff Stephen Lopuszanski instituted this action against the City of Philadelphia (City) and two Philadelphia police officers, Joseph Fabey and Jack Bocchinfuso, for alleged violations of his civil rights in contravention of 42 U.S.C. § 1983. Mr. Lopuszanski has also asserted pendent state law claims for false arrest, false imprisonment, intentional infliction of emotional distress and malicious prosecution.

All defendants have filed a motion to dismiss the action. For the reasons which follow, the motion will be granted in part and denied in part.

### FACTS [1]

The plaintiff, in February 1981, responded to an advertisement in a newspaper and purchased an automobile from an Hispanic male. Seven months later, defendant police officers questioned the plaintiff about the purchase of the automobile. They had recently arrested an Hispanic male for car theft of a similar type vehicle. Plaintiff Lopuszanski produced a bill of sale and cancelled check for the purchase and explained the circumstances surrounding the purchase of the automobile. The police officers expressed their belief that Mr. Lopuszanski had done nothing wrong, but explained that parts of plaintiff's automobile had been stolen and placed on the automobile prior to the sale to plaintiff.

In response to the police officers' request, the plaintiff looked at a number of photographs in an attempt to identify the person who had sold him the automobile. The police officers threatened to arrest the plaintiff if he did not identify as the seller of the car a particular individual pointed out by them. The plaintiff was not able to identify this particular individual in the

---

1. For purposes of this motion, the facts as set forth by plaintiff in the complaint and in his response to the motion to dismiss will be taken as true.

photograph as the seller of the car and refused to do so.

The police officers then arrested the plaintiff and charged him with theft of an automobile, receiving stolen property, criminal conspiracy and altering the serial number of an automobile. Mr. Lopuszanski was photographed, fingerprinted and imprisoned pending preliminary arraignment. At the preliminary hearing on the above criminal charges, the plaintiff was discharged.

*Section 1983 action against the City of Philadelphia.*

■ It is beyond dispute that, under section 1983, a municipality cannot be liable under a theory of *respondeat superior* for the actions of its employees. *Monell v. Department of Social Services,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–37, 56 L.Ed.2d 611 (1978). Before a municipality may be liable in damages under section 1983, the plaintiff must prove either a formal policy or an informal custom, which is of such long standing as to have the force of law, that causes an unconstitutional deprivation of a claimant's civil rights. *Id.*

■ There is no allegation whatever in plaintiff's complaint that the alleged actions of defendant police officers were part of a formal policy or informal custom of the defendant City of Philadelphia. In fact, except for the mention of the City in the caption of this action, the statement that the City is a municipality, and the averments that defendants were employees of the City and acting within the scope of employment, there is no mention of the City in the complaint.

It is clear that any claim against the City under section 1983 is based on a theory of *respondeat superior* and impermissible under the law as set forth in *Monell, supra.* Defendant City of Philadelphia's motion to dismiss the claim against it under 42 U.S.C. § 1983 will be granted.

*Section 1983 claims against the defendant police officers.*

■ The plaintiff's allegations, that he was threatened with arrest if he did not identify a particular person as the seller of the automobile and that, upon failure to identify that individual, the plaintiff was arrested and incarcerated, does set forth with the requisite specificity a claim for a violations of civil rights. *See Ross v. Meagan,* 638 F.2d 646, 650 (3d Cir.1981), *Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922–23 (3d Cir.1976).

The defendants also move to dismiss on the grounds that plaintiff has failed to plead with requisite specificity a claimed violation of the United States Constitution. As I read the complaint, there is *no* claim whatever for a direct violation of the Constitution. Rather, plaintiff raises a claim under a civil rights statute, 42 U.S.C. § 1983. As previously stated, the factual averments in the complaint are sufficiently specific to withstand a motion to dismiss.

*Pendent State Law Claims.*

■ In the absence of a viable federal claim against the City, I will decline to accept pendent jurisdiction over the state claims against that defendant. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Weaver v. Marine Bank,* 683 F.2d 744 (3d Cir.1982); *Tully v. Mott Supermarkets, Inc.,* 540 F.2d 187 (3d Cir.1976).

■ The remaining defendants, Officers Fabey and Bocchinfuso, argue that they are immune from liability for the pendent state law claims of false arrest, false imprisonment, intentional infliction of emotional distress and malicious prosecution by virtue of the Political Subdivision Tort Claims Act (Act), 42 Pa.Cons.Stat.Ann. §§ 8541 *et seq.* (Purdon Supp.1982). The Act limits municipal liability in tort to claims arising out of automobile accidents, the care and custody of real and personal property, dangerous conditions created by trees, traffic control and street lighting, utility service facilities, improper street and sidewalk maintenance and the care, custody and control of animals. *Id.* § 8542. Plaintiffs do not claim that any of these exceptions apply in this action. Claims which are not grounded in one of these specific areas of liability are barred by the retention of governmental

immunity. *Id.* § 8541; *see Druckenmiller v. United States,* 548 F.Supp. 193 at 194–195 (E.D.Pa.1982). Section 8545, expressly relied on by the defendant police officers, provides:

An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

42 Pa.Cons.Stat.Ann. § 8545 (Purdon Supp. 1982).

The plaintiff argues that the Act, as applied to immunize liability for intentional torts, is unconscionable. Defendants offer only the following in support of their assertion of immunity:

In state cases, the City of Philadelphia and its employees' Preliminary Objections have been sustained by the Court of Common Pleas in similar police type cases. *Hopkins v. City,* C.C.P., Philadelphia. C.C.P., Phila. Co., January Term, 1980, No. 1630; *Lindsay v. Poindexter,* C.C.P., Phila. Co., July Term, 1979, No. 224; *Alessi v. Officer Davis & City,* C.C.P., Phila. Co., May Term, 1981, No. 227.

Defendants' Memorandum of Law in Support of Motion to Dismiss at 7.

I have requested from defendants' counsel any opinions, published or unpublished, issued in the above-cited cases. None have been provided, I have not been able to uncover any, and I can only conclude that none exist. In the absence of such opinions and, indeed, of any clue as to the facts of these cases, the above citations are of no help to me in deciding the issue of immunity.

Curiously, neither plaintiff nor defendants have cited to another portion of the Act, section 8550, which provides:

In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act con-

stituted a crime, actual fraud, *actual malice or willful misconduct,* the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

*Id.* at § 8550 (emphasis added).

It is clear that the alleged acts by defendants Fabey and Bocchinfuso which form the basis for this action, if proven at trial, could result in a judicial determination of "actual malice or willful misconduct" on the part of defendants. Such a determination would render inapplicable section 8545, the precise provision relied on by defendants, as well as section 8546, which immunizes official conduct authorized or required by law. The motion of defendants Fabey and Bocchinfuso to dismiss the pendent state claims against them based on immunity under the Political Subdivision Tort Claims Act is therefore denied.