Ruth BUSKIRK and Marian Buskirk

v.

Roy SEIPLE, Amazon Lahr, Richard Hagerman, Glenn English, Moore Township, Bushkill Township, Upper Nazareth Township and Tatamy Borough.

Civ. A. No. 81–4043.

United States District Court,
E.D. Pennsylvania.

Feb. 16, 1983.

John P. Karoly, Jr., Allentown, Pa., for plaintiffs.

Gary Asteak, Easton, Pa., for Seiple, Amazon Lahr, Bushkill Tp. and Moore Tp.

Karl H. Kline, Easton, Pa., William A. Jones, Norristown, Pa., for Hagerman, Upper Nazareth Tp.

Hugh J. Hutchison, Philadelphia, Pa., for Tatamy Borough, English.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

A frequently alleged series of events, illegal arrests and deliberate beatings, underlie plaintiffs' claims against various individual police officers and identified municipalities.[1] According to the complaint, Woodrow Buskirk, while driving his car in the early morning hours of October 4, 1979, suffered electrical problems which required him to pull off the road. Shortly thereafter, defendant Police Officer Roy Seiple pulled alongside of Buskirk's vehicle, required him to produce his driver's license and unsuccessfully urged him to sign an equipment repair order. Notwithstanding Seiple's knowledge that he lacked authority to force Buskirk to sign the repair order, he nevertheless pressed him to do so. Plaintiffs Ruth and Marian Buskirk subsequently arrived at the scene. When Officer Seiple, now supported by back-up units, unlawfully beat and took Woodrow Buskirk[2] into custody, Ruth and Marian interjected themselves into the fracas and were themselves malevolently treated by defendants and eventually charged with various offenses. In considering defendants' motion to dismiss, we are obligated to accept and credit these factual allegations. *Walker Processing Equipment Co. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); *Frederiksen v. Poloway,* 637 F.2d 1147, 1150 n. 1 (7th Cir.), *cert. denied,* 451 U.S. 1017, 101 S.Ct. 3006, 69 L.Ed.2d 389 (1981); *General Public Utilities Corp. v. United States,* 551 F.Supp. 521, 524 n. 4 (E.D.Pa.1982). Plaintiffs' six-count complaint primarily asserts claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Fourth, Eighth and Fourteenth Amendments. Additionally, plaintiffs have appended various state tort claims to their federal ones.

Defendants, moving to dismiss, assert that the applicable statute of limitations precludes any adjudication of the complaint, that plaintiffs have failed to state a claim under § 1983, that Count II improperly purports to predicate municipal liability upon the theory of *respondeat superior* and that the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq.,* effectively immunizes them from suit. Finally, defendants argue that they may not be subjected to a claim for punitive damages. We now address these issues.

Plaintiffs' claims against defendants accrued on October 4, 1979. Suit was instituted two years and one day later, on October 5, 1981. The operative facts underlying the federal claim are analogous to the state tort of false arrest and imprisonment and assault and battery. Pennsylvania requires that such claims be brought within two years. *Salaneck v. State Trooper Eric Olena,* 558 F.Supp. 370 (E.D.Pa.1983); *Haefner v. Lancaster County,* 520 F.Supp. 131, 132 (E.D.Pa.1981), *aff'd,* 681 F.2d 806 (3d Cir.1982); 42 Pa.C.S.A. § 5524(1). Fed.R. Civ.P. 6(a), which governs the resolution of this issue, specifically provides that "day of the act . . . from which the designated period of time begins to run shall not be included" in determining whether suit was brought in a timely manner. Accordingly, October 5, 1979, the day *after* the complained of conduct occurred, is the first day which we consider in determining whether suit was filed within the prescribed time. Since suit was instituted on October 5, 1981, we conclude that this action was brought within the two-year period and is not time-barred.

The individual defendants also argue that plaintiffs have failed to state a claim under § 1983 because when plaintiffs were arrested they, defendants, had probable cause and that the arguable use of some force to effectuate the valid arrests was privileged

---

1. Throughout the memorandum "municipal defendants" connotes Upper Nazareth Township, Moore Township, Bushkill Township and Tatamy Borough.

2. Interestingly, Woodrow Buskirk, the primary victim of the alleged beating, is not named as a plaintiff.

and not excessive. Hence, the individual defendants argue that Count I should be dismissed.

■ We begin our analysis of this issue with the observation that state actors who make an arrest incur no § 1983 liability when they act in good faith and with probable cause, *Pierson v. Ray,* 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967) or pursuant to a valid arrest warrant. *Baker v. McCollan,* 443 U.S. 137, 143–44, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979); *Druckenmiller v. United States,* 548 F.Supp. 193, 194 (E.D.Pa.1982). In specifically addressing this issue, Chief Justice Warren observed that a

> policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does.

*Pierson v. Ray,* 386 U.S. at 555, 87 S.Ct. at 1218.

■ Alleging that Ruth Buskirk "positioned herself between [Woodrow Buskirk] and the [arresting] officers" as the defendants were arresting Woodrow, the complaint itself *may* establish probable cause for Ruth's arrest. The arrest is, however, nevertheless actionable because it was purportedly accomplished with excessive force. For example, the complaint alleges that Ruth Buskirk was "kicked at, hit, pushed [and] gabbed [sic]" by defendants. *Assuming* that defendants had probable cause to arrest Ruth Buskirk, they were not entitled to do so with excessive force. *Clark v. Zeidonis,* 513 F.2d 79 (7th Cir.1974); *Everett v. City of Chester,* 391 F.Supp. 26 (E.D. Pa.1975).

■ We also conclude that plaintiff Marian Buskirk has stated a claim. She complains that she was "violently pulled" from an automobile notwithstanding the fact that she was merely an observer of the events which transpired and did not attempt to impede the arrest of Woodrow Buskirk. As such, in the current procedural posture, Marian Buskirk's arrest was arguably accomplished with excessive force and lacked probable cause. It is beyond peradventure that such an arrest states a colorable claim under § 1983. *Reeves v. City of Jackson,* 608 F.2d 644, 650 (5th Cir.1979).

■ The existence of Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa.C. S.A. § 8541 [3] *et seq.,* (Tort Claims Act), does not alter this conclusion. The Tort Claims Act, passed in response to *Ayela v. Philadelphia Board of Education,* 453 Pa. 584, 305 A.2d 877 (1973), reinstated the immunity of the Commonwealth's political subdivisions and governmental agencies. *See, Bliss v. Allentown Public Library,* 534 F.Supp. 356 (E.D.Pa.1982). Pennsylvania's legislation cannot, however, immunize state actors who abrogate federal constitutional or statutory rights; § 1983 specifically protects such rights. *Maine v. Thiboutot,* 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980). Although states remain generally free to develop their own tort and immunity law, they may not exempt state actors from liability for "wholly arbitrary or irrational" conduct. *Martinez v. Califano,* 444 U.S. 277, 282, 100 S.Ct. 553, 557, 62 L.Ed.2d 481 (1980). Specifically, states may not immunize official conduct which violates rights protected by § 1983. *Id.* at 284, n. 8, 100 S.Ct. at 558, n. 8. *Sager v. City of Woodland Peak,* 543 F.Supp. 282, 290–297 (D.Colo.1982); *Walker v. Rowe,* 535 F.Supp. 55, 57 (N.D.Ill.1982). *See also, Commonwealth of Pennsylvania v. Porter,* 659 F.2d 306, 314–15 (3d Cir.1981) (*en banc;* plurality opinion) (The Fourteenth Amendment is the "law of the land in all of Pennsylvania".) Similarly, state law may not "frustrate or interfere with the implementation of national policies". *Knoll v. Springfield Township School District,* 699 F.2d 137, 141 (3d Cir.1983), quoting, *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1967). Therefore, the

---

3. The Political Subdivision Tort Claims Act, presently located at 42 Pa.C.S.A. § 8541 *et seq.* was, at the time relevant to the litigation, codified at 53 P.S. § 5311.101 *et seq.* This re-codi-

fication is immaterial for present purposes as the reenacted statute repeats *in haec verba* the prior language as it relates to those sections of the act currently under consideration.

immunities created by Pennsylvania's statutory scheme do not impinge upon plaintiffs' ability to maintain the § 1983 action. *Cf., Holman v. Hilton,* 542 F.Supp. 913, (D.N.J. 1982) (declaring unconstitutional a New Jersey immunity provision which prevented state prisoners from instituting suit against public entities.)

Our conclusion that plaintiffs, in Count I, have stated a claim under § 1983, warrants dismissal of all claims asserted directly under the Fourth, Eighth and Fourteenth Amendments. To permit litigation on the constitutional claims would "merely duplicate the § 1983 cause of action" and amount to a "redundancy". No useful purpose would be served by "authoriz[ing multiple] indistinguishable causes of action one statutory and [others] constitutional". *Ali v. Cuyler,* No. 80–2157 slip op. at 3 (E.D.Pa. January 7, 1983), quoting, *Jones v. City of Philadelphia,* 481 F.Supp. 1053, 1056 (E.D. Pa.1979). *Accord, DiGiovanni v. City of Philadelphia,* 531 F.Supp. 141, 144 (E.D.Pa. 1982).

■ Additional reasons prohibit adjudication of the Eighth Amendment claims. Rights secured by that amendment do not inure to the benefit of pre-trial detainees and arrestees. *Patzig v. O'Neil,* 577 F.2d 841, 847 (3d Cir.1978); quoting, *Hampton v. Holmsberg Prison Officials,* 546 F.2d 1077, 1079 (3d Cir.1976); *Goodman v. Wagner,* 553 F.Supp. 255, 257 (E.D.Pa.1982); *Perkins v. Wagner,* 513 F.Supp. 904, 906 (E.D.Pa. 1981). Accordingly, we shall dismiss all claims based upon constitutional causes of action.

■ We now consider the question of punitive damages under § 1983. While it is undoubtedly true that municipal defendants cannot be liable for punitive damages under § 1983, *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), it is equally true that individual defendants do not enjoy this same benefit. The fact that *City of Newport* does not preclude recovery of punitive damages in a § 1983 action from individual defendants is evidenced by the appellate decisions which have recently sustained such awards. *See, e.g., Smith v. Heath,* 691 F.2d 220, 227–28 (6th Cir.1982); *Thomas v. City of New Orleans,* 687 F.2d 80, 83–84 (5th Cir.1982); *Phillips v. Hunter Trails Community Ass'n,* 685 F.2d 184, 191 (7th Cir.1982); *Corriz v. Naranjo,* 667 F.2d 892, 897 (10th Cir.1982); *Wade v. Haynes,* 663 F.2d 778, 785–86 (9th Cir.1981). *Accord, DiGiovanni v. City of Philadelphia,* 531 F.Supp. at 145.

Count II of the complaint alleges that the municipal defendants are liable under § 1983 for the acts of their employees; *i.e.,* police officers. The alleged police misconduct is purportedly attributable to the municipal defendants by virtue of a *respondeat superior* theory. This assertion is simply incredible in light of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Apparently recognizing this, plaintiffs have formally withdrawn Count II of the complaint and, in so doing, have abandoned the sole federal claim against the municipal defendants.[4]

Defendant, Upper Nazareth Township, argues that the Tort Claims Act shields it from the pendent, state tort claims asserted by plaintiffs in Counts III through VI. Specifically, Upper Nazareth asserts that *it* cannot be liable for the alleged tortious misconduct of various police officers since the complained of activity fails to fall within any delineated exception to its municipal immunity. 42 Pa.C.S.A. § 8542(b)(1)–(8). Responding, plaintiffs point out that each pendent claim charges a willful, intentional tort and that the Act does not purport to shield political subdivisions from such allegations. 42 Pa.C.S.A. § 8550.

We reject plaintiffs' construction of the Tort Claims Act because their broad, expan-

---

4. This conclusion disposes of *all* federal claims against the municipal defendants; it does not, however, end our consideration of the pendent claims which have been asserted against them. Plaintiffs have represented that they will file an amended complaint properly alleging § 1983 municipal liability. *See* Document 14 at 4. Accordingly, plaintiffs shall be granted leave to file an amended complaint. Our discussion *infra* of the pendent claims is intended to guide counsel in the redrafting of the complaint.

sive reading of 42 Pa.C.S.A. § 8550, is, in view of the statutory language, unwarranted.

The Tort Claims Act establishes the general rule that, except as otherwise provided "no local agency shall be liable for any damages ... caused by any Act of ... an employee therefrom". 42 Pa.C.S.A. § 8541. The next statutory subsection, 42 Pa.C.S.A. § 8542(b)(1)–(8), provides eight specific exceptions to this rule. However, in order to come within any of these exceptions, two conditions must be met. 42 Pa.C.S.A. § 8542(a)(1) and (2). First, the damages sought must be recoverable pursuant to common or statutory law under circumstances which would not otherwise admit to any immunity defense. Second, the complained of conduct must sound in *negligence*. Allegations of criminal conduct, actual fraud, malice or willful misconduct do not fulfill this second requirement. 42 Pa. C.S.A. § 8542(a)(2). Specifically, Pennsylvania permits damage recoveries against political subdivisions for *negligent* conduct arising out of automobile accidents, the care and custody of real property, dangerous conditions created by trees, traffic control and street lighting, utility service facilities, improper street and sidewalk maintenance and the care, custody and control of animals. 42 Pa.C.S.A. § 8542(b)(1)–(8).

Plaintiffs' reference to 42 Pa.C.S.A. § 8550, relating to willful misconduct, as subsuming 42 Pa.C.S.A. § 8541's general retention of municipal immunity is misplaced. True, 42 Pa.C.S.A. § 8550 waives four specific immunities for willful misconduct, *i.e.,* immunities relating to official liability, official immunity, indemnification and damage limitations. *See,* 42 Pa.C.S.A. §§ 8545, 8546, 8548, 8549. Each of the waived immunities, however, exposes municipal employees to personal liability without dissolving the shield of general immunity retained by municipalities. For example, 42 Pa.C.S.A. § 8545, one of the immunities abrogated for willful misconduct, generally prohibits affixing greater liability upon a munici-

pal employee than attaches to a municipality. 42 Pa.C.S.A. § 8546, another waivable immunity, usually protects "employee[s] of local agenci[es]" and not the agencies themselves. Hence, when the protection provided by this section is lost, only those who generally benefit from its existence, municipal employees, are subjected to liability. The same is true for 42 Pa.C.S.A. §§ 8548 and 8549, each of which addresses actions "brought against an *employee* of a local agency".

Hence, we conclude that Pennsylvania, by passage of the Tort Claims Act, has generally retained sovereign immunity for its political subdivisions. This municipal immunity is waived for only eight types of negligent conduct. 42 Pa.C.S.A. § 8550 jettisons only those immunities held by municipal *employees* and only then for forms of willful misconduct. This section does not, however, abrogate the general retention of *municipal* immunity.

This interpretation of the Tort Claims Act comports with a recent judicial decision, *Lopuszanski v. Fabey,* 560 F.Supp. 3 at 6 (E.D.Pa.1982) (VanArtsdalen, J.) and a learned commentator's analysis. *The Political Subdivision Tort Claims Act: Pennsylvania's Response to the Problems of Municipal Tort Liability,* 84 Dick.L.Rev. 717 (1980). In addressing this same issue an author observed that although the "liability of a political subdivision is based primarily on personal liabililty of its officials through the operation of *respondeat superior",* the Tort Claims Act does not purport to impose governmental liability for the willful, tortious misconduct of its employees. *Id.* at 747 and 750. We will accordingly grant Upper Nazareth's motion to dismiss the pendent claims.[5]

An appropriate order shall issue.

---

**5.** This same conclusion warrants dismissal of the pendent claims asserted against defendants

Moore Township, Bushkill Township and Tatamy Borough.