**Elanda HARDMON, Mother and Natural Guardian of Sha-Tia Monique Hardmon, A Minor**

v.

**The COUNTY OF LEHIGH, et al.**

Civ. A. No. 84–4453.

United States District Court, E.D. Pennsylvania.

June 17, 1985.

---

Richard J. Orloski, Calnan & Orloski, P.C., Allentown, Pa., for plaintiff.

Patrick Reilly, Asst. Sol., Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff Elanda Hardmon brought this action on behalf of her minor daughter, Sha-Tia Monique Hardmon, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 seeking damages for injuries her minor daughter allegedly sustained during an attack by Charles Callaway, an inmate at Lehigh County Prison, who was in the control and custody of defendants. Plaintiff alleges that defendants illegally released Callaway on a forty-eight hour furlough despite the fact that only two days previously plaintiff had informed prison officials that inmate Callaway, while on work release from Lehigh County Prison, had gone to the residence of plaintiff and had harassed and threatened plaintiff and had broken a window. (Plaintiff's complaint, ¶ 19.) Plaintiff further alleges that defendants failed to follow established procedures before releasing Callaway on work release. As a result of the incident, plaintiff's minor allegedly suffered the trauma of having Charles Callaway attempt to kill her.

Defendants in this action include the County of Lehigh; David Bausch, the Chief Executive of Lehigh County; Leroy Beans, Warden of Lehigh County Prison; Timothy Carver, Deputy Warden of Lehigh County Prison; Kimberly DeFrain, Work Release Supervisor; and Ross Stuart, Furlough Officer.

Presently pending before me is defendants' joint motion for summary judgment.

For the reasons stated below, this motion shall be granted in part and denied in part.

Defendants' first argument is that they are not liable to plaintiff's minor for any injuries she may have sustained during the attack by inmate Charles Callaway because they were unaware of her existence prior to the incident giving rise to the injuries and had no reason to know that inmate Callaway was a threat to her. In support of this position, defendants rely upon *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1979) in which the Court held that appellants' decedent's death was too remote a consequence of the parole officers' actions to hold them responsible under federal civil rights law. Under *Martinez*, therefore, the key question is the proximity or the remoteness of the conduct of state officials to the injury. In *Martinez*, the Parole Board released a rapist who five months later raped and killed a girl. The Court concluded that the action of the parolee could not be characterized as state action because the incident occurred five months after the parolee's release from prison and because the Parole Board was not aware that plaintiff's decedent faced any special danger different from that faced by the public at large. Similarly, in *Wright v. City of Ozark*, 715 F.2d 1513 (11th Cir.1983), the court held that plaintiff failed to state a claim under § 1983 when she alleged defendants had deliberately suppressed information about rapes in a certain part of the city on the grounds that there was no special relationship between plaintiff and defendants and the due process clause does not protect a member of the public from the criminal acts of a third person.

*Martinez*, and its progeny, must be distinguished from the present case. Here, defendants were allegedly on notice that inmate Callaway had been to the house in which plaintiff and her minor resided, that he had broken a window and that he had harassed and threatened plaintiff. Nevertheless, defendants released Callaway on furlough for forty-eight hours. During the first twenty-four hours, Callaway went to the house and attacked a visitor, plaintiff and allegedly plaintiff's minor. Callaway considered plaintiff's minor to be his daughter, a fact which at least one of the defendants knew. *See*, deposition of Mr. Ross Stuart, p. 51–52.

Moreover, applying the principles of duty from a long line of negligence cases, it can be concluded that plaintiff's minor was within the known zone of danger because she resided in plaintiff's home. *See Palsgraf v. Long Island Railroad*, 248 N.Y. 339, 162 N.E. 99 (1928). The court's analysis in *Rieser v. District of Columbia*, 563 F.2d 462 (D.C.Cir.1977) provides a useful guide in determining the special relationship between the victim, the authority, and the third party. In *Rieser*, plaintiff's decedent had been raped and murdered by a parolee who had been hired to do maintenance work at the apartment complex in which the decedent resided. Plaintiff sued the District of Columbia and the assailant's parole officer for negligence and misrepresentation in failing to inform the apartment complex of the parolee's prior history of violent sex-related crimes. The court held that the issue of whether or not the District of Columbia breached a duty which presented a specific and unreasonable risk of harm to women tenants of the apartment complex thus giving rise to a special duty toward all those women correctly went to the jury.

■ In *P.L.C. v. Housing Authority of County of Warren*, 588 F.Supp. 961 (W.D. Pa.1984), the court held that the plaintiff had stated a cause of action pursuant to § 1983 when she alleged that she had been raped by a building maintenance man who had been hired by the housing authority with knowledge of his prior conviction for rape and because plaintiff stood in a special relationship to the housing authority unique from the public at large. In *P.L.C.*, the assailant was also acting as an agent of the authority; nevertheless, the case stands for the proposition that the authority owed a duty to all tenants of the apartment complex despite the fact that it did not owe a duty to the public at large. In

this case, defendants knew or should have known that inmate Callaway was a threat both to plaintiff and other persons who resided in her house, particularly Callaway's daughter. Combined with the immediacy with which Callaway acted, defendants' knowledge of the danger Callaway posed is sufficient to state a cause of action pursuant to § 1983.

Defendants next contend that plaintiff's §§ 1985 and 1986 claims must fail because there are no allegations that defendants conspired to discriminate against plaintiff's minor because she was black. In order to state a claim pursuant to 42 U.S.C. § 1985(3), plaintiff must allege that defendants conspired to deprive her minor of equal protection of the law. To state a § 1986 claim, plaintiff must further allege that defendants knew of the § 1985(3) conspiracy, was in a position to prevent or help to prevent the deprivation caused by the conspiracy, and nevertheless failed to do so.

■ In count two of her complaint, plaintiff alleges that defendants Leroy Beans and Timothy Carver, "acting as agents of, and with the approval and acquiesence of, Defendants Bausch and County of Lehigh, colluded, connived, and conspired to deprive Plaintiff of her fundamental right to liberty including her freedom of bodily security and integrity, and of equal protection of the laws, because of her race." As presently worded, this allegation does not state a cause of action pursuant to §§ 1985 and 1986 for purposes of this case because it does not allege a conspiracy directed at plaintiff's minor. Rather, count two merely constitutes a restatement of the allegations plaintiff made in her related case, civil action number 83–2988.

■ Moreover, defendants contend that they could not have conspired against someone they did not know and someone

who sustained no injury as a result of the incident. Plaintiff has, however, alleged that her minor suffered damages from the trauma to which she was exposed as a result of the attack by Callaway. This is sufficient to state a claim. Defendants, however, are correct that a necessary element of a conspiracy for purposes of a § 1985 action is that the conspirator act knowingly and willfully and with the intent to deprive the plaintiff of equal protection of the laws. There is no allegation that defendants Beans and Carver, or Bausch knew of plaintiff's minor's existence, or that they acted knowingly and willfully, in concert to deprive her of her rights.[1] Therefore, plaintiff's § 1985 claim on her behalf of her minor must fail.

In order to state a § 1986 claim, plaintiff must first properly allege a § 1985 claim. Because plaintiff's § 1985 claim fails, her § 1986 claim must also fail.

*Punitive Damages*

Plaintiff alleges in her complaint that defendants' conduct was willful, outrageous and egregious and therefore entitles her to an award of punitive damages. Defendants, in response, contend that they are immune from punitive damages claims.

■ In *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), the Court held that municipalities are immune from punitive damages claims pursuant to § 1983. Accordingly, plaintiff may not claim punitive damages from the County of Lehigh. The holding of *Newport*, however, does not necessarily extend to protect officials and employees of the County. The Third Circuit, in *Cochetti v. Desmond*, 572 F.2d 102, 106 (3d Cir.1978), adopting the test enunciated by Justice Brennan in *Adickes v. Kress & Co.*, 398 U.S. 144, 233, 90 S.Ct. 1598, 1642, 26 L.Ed.2d 142 (1970), held that punitive damages may be awarded if the defendant

---

**1.** An action pursuant to § 1983 does not necessitate proof of willfulness or specific intent to deprive the person of a federal right. That there is only evidence that one defendant, Ross Stuart, knew of the existence of plaintiff's minor is irrelevant for purpose of the § 1983 claim

because knowledge of plaintiff's existence and the intent to do her harm are not necessary elements. The lack of these elements, however, is fatal to the claims pursuant to §§ 1985 and 1986.

acted with actual knowledge that he was violating a federally protected right or with reckless disregard of whether he was doing so. *See also DiGiovanni v. City of Philadelphia,* 531 F.Supp. 141, 145 (E.D.Pa. 1982).

■ Applying the *Cochetti* test to this case, the motion for summary judgment as to the punitive damages claim against the individual defendants must be denied because there is a factual question as to whether the defendants acted with knowledge that they were violating plaintiff's rights or with reckless disregard of her rights. Plaintiff alleges that defendants knew that she was black and that Callaway had threatened her and that they deliberately ignored her complaint, at least in part because she is black and permitted Callaway to take his forty-eight hour furlough. Therefore, plaintiff has alleged facts sufficient to send this question to the trier of fact.

*Political Subdivision Tort Claims Act*

■ Defendants contend that plaintiff's state law claim must be dismissed as barred by the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq.*[2] In response, plaintiff contends that although the Act may immunize the County of Lehigh from liability for the pendent state claim, there is a statutory exception to immunity for officer misconduct which applies to the individual defendants in this action.

Section 8541 states in pertinent part:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other person.

42 Pa.C.S.A. § 8541. Section 8542 then lists eight negligent act exceptions to governmental immunity. Because none of the exceptions apply in this case, the pendent state claim against Lehigh County may be dismissed.

■ Section 8545 provides that an official or an employee of a local agency is liable to the same extent as his employing local agency. An exception to official immunity, however, is provided in section 8550 which states in pertinent part:

In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally) ... shall not apply.

Plaintiff has alleged that defendants acted willfully and with full knowledge of Callaway's animus towards plaintiff. Plaintiff's minor was within the zone of danger created by Callaway's animus towards her mother. Therefore, individual defendants may be liable insofar as their actions may be found to constitute "willful misconduct" as alleged in the complaint.[3] For reasons

---

**2.** Defendants in their motion for partial summary judgment contend that plaintiff's claim for negligence in count III is barred by the Political Subdivision Tort Claims At, 42 Pa.C.S.A. § 8541. After a close reading of plaintiff's amended complaint, which is not as artfully drafted as might be desired, it appears to me that it is plaintiff's count IV which raises a pendent state claim and not count III. Paragraph 41 of plaintiff's amended complaint, which is part of count III states in pertinent part that plaintiff's minor was "deprived of her substantive due process right to liberty including her freedom of bodily security and bodily integrity, which is guaranteed to Plaintiff's minor by the Fourteenth Amendment of the United States Constitution." This is a federal claim. Count IV, on the other

hand, pertains exclusively to defendants' alleged breach of their duty to protect the public in general and plaintiff's minor in particular.

**3.** For purposes of the Political Subdivision Tort Claims Act, the conduct on the part of the defendants which is potentially willful misconduct was the release of Callaway on furlough with full knowledge of the animus he had for plaintiff Elanda Hardmon. The release allegedly created a zone of danger in which plaintiff's minor was injured. For purposes of the § 1985 claim, willfulness could only be established if defendants had the specific intent to harm plaintiff's minor, *i.e.,* the object of their "will" or conspiracy would have to be the minor. There are no allegations to this effect.

of judicial economy, pendent jurisdiction over plaintiff's state claims against the individual defendants will be retained.

### Plaintiff's § 1983 claim against Lehigh County

Defendant Lehigh County next contends that it should be dismissed from this case because plaintiff's claims against it under § 1983 are based on a theory of respondeat superior. An analysis of this contention must start with the Supreme Court's decision in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1977), which extended the scope of § 1983 to include municipalities. In *Monell*, the Court concluded that local governing bodies can be sued under § 1983 where the action alleged to be unconstitutional either implemented a policy statement, ordinance, regulation or decision officially adopted by the body's officers, or where the constitutional deprivation occurred due to a custom or policy even though it has not received formal approval through the body's official decisionmaking powers. *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2035–36. The Court, however, held that a municipality could not be held liable under § 1983 under a theory of respondeat superior. *Id.* at 691, 98 S.Ct. at 2036.

If defendant Lehigh County is correct that plaintiff is only proceeding against it under a theory of respondeat superior, then defendant Lehigh County is also correct that plaintiff's complaint should be dismissed as to it. However, in her amended complaint, plaintiff alleges that the County approved of and acquiesced in the actions of the individual defendants. Specifically, plaintiff argues that the individual defendants acted pursuant to a policy "approved, encouraged, and acquiesced in by Defendants, Bausch and County of Lehigh," when they "negligently, recklessly, wantonly, and willfully granted" Callaway a furlough.

■ In *Monell*, the Court stated that "it is when execution of a government's policy or custom or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Applying this analysis in *Black v. Stephens*, 662 F.2d 181 (3d Cir. 1981), the court held the City of Allentown liable under § 1983 because the Police Chief of Allentown, who had promulgated a regulation which was found to have proximately caused the violation of plaintiff's constitutional rights, was found to represent official city policy. The evidence in *Black* established that the Chief's actions could "fairly be said to represent official policy" of the City of Allentown. Similarly, in this case, the actions of the individual defendants represent official county policy. Defendant Bausch, at the time of the events alleged was the Chief Executive of the County, and together with defendants Beans and Carver was allegedly charged with the authority to supervise all decisions made by subordinate prison officials and to establish procedures governing the process of granting furloughs. Therefore, defendant Lehigh County's motion for summary judgment as to the § 1983 claim against it must be denied.

### Negligence Claim

■ Defendants also argue that plaintiff's negligence claims must be dismissed for failure to state a claim under § 1983. *Davidson v. O'Lone*, 752 F.2d 817, 829 (3d Cir.1984). Plaintiff, however, does not merely allege simple negligence. Each paragraph of the complaint in which the negligence allegation is raised also states that defendants acted recklessly and wantonly. When read in connection with the words recklessly and wantonly, plaintiff's negligence allegations amount to more than allegations of simple negligence. Thus, I must reject defendants' contention that plaintiff's negligence claims must be stricken from the amended complaint.

An appropriate order follows.

### ORDER

NOW, June 17, 1985, upon consideration of defendants' motion for summary judg-

ment, plaintiff's response thereto, memoranda of law submitted by the parties and for the reasons stated in the accompanying memorandum, IT IS ORDERED that

1. Defendants' motion is GRANTED IN PART AND DENIED IN PART.

2. Judgment is entered in favor of all defendants and against plaintiff as to plaintiff's §§ 1985 and 1986 claims.

3. Judgment is entered in favor of defendant County of Lehigh and against plaintiff as to plaintiff's claim against defendant County of Lehigh for punitive damages and as to plaintiff's pendent state claim against the County of Lehigh.